[L. A. No. 15079.   In Bank.—June 29, 1937.]

CHARLES E. HILL et al., Appellants, v. CITIZENS NA-
TIONAL TRUST AND SAVINGS BANK OF LOS
ANGELES (a Banking Corporation), Respondent.

Earl Curtis Peck, George E. Cloud and A. Richmond for Appellants.

Cosgrove & O'Neil, for Respondent.

EDMONDS, J.—By this action against the respondent bank, the appellants seek to recover under a contract by which another corporation agreed to sell certain real estate upon the ground that the corporation was the agent of the bank. At the time the contract was made the bank held title to a large parcel of property of which the land described in the contract was a part. The whole parcel was subject to a deed of trust which was later foreclosed. Thereafter the appellants gave notice to the bank that they had rescinded the agreement and this action followed.

In 1928 Harold G. Ferguson corporation was the owner of property known as Palm Ranch, which was subject to a deed of trust to secure its note in the principal amount of $110,000. It conveyed this property, subject to the indebtedness, to the respondent bank which executed a declaration of trust reciting the terms and conditions upon which title to the property was accepted. The Ferguson corporation then undertook to subdivide and sell the land and organized a subsidiary corporation under the name of Quartz Hill Land

and Development Company. The only meetings which this corporation held were the organization meeting of the incorporators and the directors' meeting for the election of officers. Its officers were all officers or employees of the Ferguson corporation.

The contract sued upon was entered into by the appellants with the Quartz Hill corporation following negotiations with a salesman for the Ferguson corporation. According to the testimony of Mr. Hill he heard that the Palm Ranch property was being sold and went to the office of the Ferguson corporation to make inquiries concerning it. At this time apparently there was only a preliminary discussion. Later Mr. Hill talked with Mr. Estes, a salesman for the corporation. Mr. Estes told him the Quartz Hill corporation was a subsidiary of the Ferguson corporation, that the latter was the sales agent of the respondent bank, and that title to any land purchased would be given by the bank upon completion of payment therefor. Later the appellants decided to buy some of the land and entered into a contract with the Quartz Hill corporation as seller. They executed this contract in the office of the Ferguson corporation. The appellants paid $3,574 to the Ferguson corporation on the purchase price of the property and expended $2,178 in improvements. The judgment sought by them is for these amounts.

The appellants declare that they are entitled to recover from the bank because the Quartz Hill corporation was its agent and acting within the scope of its authority. They also assert that it was the bank's ostensible agent. Another contention is that certain notice to the bank put it on inquiry and its quiescence amounted to a ratification of the acts of the corporation. In support of their right to recover on any one of these grounds the appellants maintain that although this action was not brought until thirteen months after they learned the property had been foreclosed, under the facts shown by them they are not guilty of laches.

The question at the outset is whether the Ferguson corporation was the agent of the bank under the declaration of trust. By its terms the bank agreed to hold such title as had actually been conveyed to it in trust as a means to provide generally for the subdivision, improvement and sale of the property and the collection and disbursement of the pro-

ceeds of sales. The trustee was authorized to sell any of the property upon the written order of second party "or upon the order of any agent and/or agents appointed by the second party [beneficiary], and to convey or contract to convey the same at such prices as the second party may direct", upon terms more specifically set out. The trustee was also authorized to pay its fees and commission; to pay taxes, assessments and other liens and encumbrances, to pay expenses of guaranty of title; to pay the duly appointed sales agent, as commission and operating expense, thirty per cent of the gross sales price of lots sold by said agent; to impound the balance of the funds for the payment of the release price specified in said trust deed; and to pay the residue ten per cent to Harold G. Ferguson corporation as consideration for the management of the trust property and ninety per cent to the Harold G. Ferguson corporation. The trustee was authorized to accept instructions from the Ferguson corporation relative to the affairs of the trust so far as the beneficiary was concerned and so far as such instructions were consistent with the rights of the other parties under the trust. The Ferguson corporation was also appointed agent for the making of sales of the trust property. This appointment was subject to revocation by the beneficiary which might then appoint another agent or agents subject to the same power of revocation.

Under these provisions the bank had no right to sell any of the property it held in trust except upon the written order of the Ferguson corporation. It could not appoint a selling agent nor could it revoke the appointment of the Ferguson corporation as the selling agent named in the declaration of trust. In effect the bank was only the holder of the legal title for the purpose of disbursing funds deposited with it by the beneficiary or the selling agent and executing deeds or contracts as specifically provided for by the declaration of trust. It had no right of independent action and assumed none. Its duty was to "fulfill the purpose of the trust, as declared at its creation . . . in the same manner, and to the same extent, as an employee". (Sec. 2258, Civ. Code.) Being subject to the direction and control of the Ferguson corporation, it was the latter's agent. (Restatement of the Law of Agency, sec. 14.)

There is also no basis for the contention of the appellants that the Quartz Hill corporation was an ostensible

agent. It is elementary that there are three requirements necessary before recovery may be had against a principal for the act of an ostensible agent. The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; such belief must be generated by some act or neglect of the principal sought to be charged; and the third person in relying on the agent's apparent authority must not be guilty of negligence. (1 Cal. Jur. 739; *Weintraub* v. *Weingart*, 98 Cal. App. 690 [277 Pac. 752].)

█ If we assume that the appellants had a reasonable belief that Quartz Hill corporation was the agent of the bank, there is no evidence of any act or neglect of the bank which could have given any basis for such belief. The bank did not know of the existence of the Quartz Hill corporation until after the foreclosure of the deed of trust. It had no knowledge that the appellants were buying any of the trust property. The appellants paid no money to the bank and it received none of the money which the appellants paid to the Ferguson corporation. But the appellants claim that because it executed a notice of nonresponsibility in connection with the property purchased by them, it was put on notice of their interest and should have made further inquiry to ascertain the true facts. The evidence shows that six months after appellants signed their contract, the Ferguson corporation presented to the bank a notice of nonresponsibility with request that it be executed. The bank complied with this request and the notice was recorded. No inquiry was made by the bank concerning the reason for this request or the necessity for the notice. Probably the bank would have exercised better business judgment if it had made some investigation concerning the reason for such a notice. Yet its failure to do so was not such neglect that the Quartz Hill corporation thereby became its ostensible agent to make a contract which had been entered into long before.

█ On the other hand appellants must be charged with neglect. When they commenced negotiations for the property they were told that the bank had title to it. They were told the same thing on several other occasions. Yet they accepted a contract by which the Quartz Hill corporation agreed to convey the property to them and never communicated with the bank in any way. Under such circumstances they cannot now claim that they dealt with the Quartz Hill

corporation as the ostensible agent of the bank. "A third person, such as appellant, is not compelled to deal with an agent, but if he does so, he must take the risk. He takes the risk not only of ascertaining whether the person with whom he is dealing is the agent, but also of ascertaining the scope of his powers. The rule is cogently stated in 1 Mechem on Agency, second edition, section 743, page 527, as follows: 'An assumption of authority to act as agent for another of itself challenges inquiry. Like a railroad crossing, it should be in itself a sign of danger and suggest the duty to "stop, look and listen". It is therefore declared to be a fundamental rule, never to be lost sight of and not easily to be overestimated, that persons dealing with an assumed agent, whether the assumed agency be a general or special one, are bound at their peril, if they would hold the principal, to ascertain not only the fact of the agency but the nature and extent of the authority, and in case either is controverted, the burden of proof is upon them to establish it.' " (*Ernst* v. *Searle*, 218 Cal. 233, 240 [22 Pac. (2d) 715, 717].)

■ Nor may appellants recover from the bank on the ground that by the execution of the notice of nonresponsibility the bank ratified the contract. The notice does not mention the appellants nor refer to any transaction for the sale of the property. It merely recites, in accordance with the provisions of section 1192 of the Code of Civil Procedure, that the bank as the owner of the property described will not be responsible nor shall any property be subject to a lien for labor done or material furnished for any construction upon the property. By section 2310 of the Civil Code, "A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof." Clearly the bank never ratified the agreement as required by the statute. (*Salfield* v. *Sutter County Land Imp. etc. Co.*, 94 Cal. 546 [29 Pac. 1105].)

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.