[Civ. No. 6014. Third Appellate District.—February 3, 1939.]

JOHN C. SPALETTA, Respondent, v. EARL LEE KELLY, Director of Public Works, etc., et al., Appellants.

U. S. Webb, Attorney-General, Wilmer W. Morse, Deputy Attorney-General, C. C. Carleton and Robert E. Reed for Appellants.

E. H. Christian, Ira J. Darling and Fred B. Wood, as *Amici Curiae,* on Behalf of Appellants.

H. L. Preston and Lilburn Gibson for Respondent.

THOMPSON, J.—The respondents have appealed from a judgment rendered by the Superior Court of Mendocino County on a petition for a writ of *mandamus,* compelling the reinstatement of John C. Spaletta as highway maintenance foreman at Laytonville in district No. 1 of the state of California, which comprises a portion of the Redwood state highway, and directing the payment of his salary during the period of time he was excluded from his position.

The petition alleges that Spaletta has been employed as such highway maintenance foreman in said district No. 1 at a salary of $180 a month and has attained civil service status pursuant to the provisions of the Civil Service Act of California (Stats. 1913, p. 1035, and amendments, Deering's Gen. Laws of Calif. of 1931, p. 621, act 1400) ; that ever since said time he has efficiently performed the duties of his office without criticism; that no charges of unfitness or insubordination have ever been presented against him; that he has never been discharged nor has he resigned, but at all times has been and still is entitled to retain said position; that for administrative purposes the state of California is divided into highway districts designated by numbers, each of which districts is maintained under the supervision of a district engineer who is in charge of the work and of the highway staff; that Mendocino County is located in highway district No. 1, which includes the territory extending along the Redwood highway for a distance of eighty-eight miles and which is subdivided into four different sections, one of which sections is located at Laytonville over which the petitioner had supervision; that another section of the district is located at Bridgeville, near Eureka; that without authority of the state personnel board the petitioner was directed to leave his employment at Laytonville and report for similar service at Bridgeville. Pursuant to that order the following written communication was given to the petitioner, October 24, 1936:

"Under the authority of Section 3, Rule 18, of the Rules and Regulations of the State Personnel Board, approval is hereby

granted to the transfer of John C. Spaletta, Highway Maintenance Foreman, from Laytonville to Bridgeville.

> "Very truly yours
> "WILLIAM BROWNRIGG
> "Executive Officer
> "By LOUIS J. KROEGER
> "Principal Personnel
> "Technician"

It is also alleged that because his transfer from Laytonville to Bridgeville was not duly authorized by the state personnel board, the petitioner failed and refused to report for duty in the last-mentioned section, and continued to report for work at Laytonville, holding himself in readiness at all times to perform his service, but was refused permission to continue the work; that after the lapse of ten days from his notice of transfer the petitioner was notified of the termination of his services on the theory that for failure to report for work at Bridgeville for a period of ten days under the provisions of rule 15, section 2, he was deemed to have resigned, and that thereafter the payment of his salary was refused. The petition for a writ of *mandamus* was filed in Mendocino County, December 31, 1936, demanding the reinstatement of petitioner as highway maintenance foreman and the payment of his salary from August 9, 1936.

A demurrer to the petition was overruled. The respondents answered, denying the material allegations of the petition. The cause was heard and the court adopted findings favorable to the petitioner in every respect, determining that he had been employed under the state civil service for several years as highway maintenance foreman at Laytonville in division No. 1 and that he thereby attained civil service status; that no charges of unfitness had even been presented against him; that the petitioner was not lawfully transferred to the Bridgeville district; that he did not resign, but on the contrary was ready and willing at all times to continue to perform his services as such employee at Laytonville or elsewhere. Thereupon the court rendered judgment directing the reinstatement of the petitioner and the payment of his salary from August 9, 1936. From that judgment the respondents have appealed.

There can be no doubt that for good cause a state highway employee may be transferred from one portion of

a highway district to another or from one portion of the state to another, in the manner provided by law. It follows that for the welfare and interest of the highway service the transfer of the petitioner from Laytonville to Bridgeville may be authorized and that he may not arbitrarily refuse to accept such transfer. It does not appear there was any arbitrary, discriminatory or unreasonable action in assigning the petitioner to his service at Bridgeville, but upon the contrary that order appears to have been made in the exercise of reasonable discretion vested in the highway authorities to transfer an employee from one position to another in the same class or grade which he occupies in the service. ■ Such transfer, however, must be made pursuant to law and the authorized rules adopted by the state personnel board. Rule 18, section 3, of the rules and regulations of the state personnel board provides that:

"No employee who has occupied a position for thirty days after appointment from the eligible list and whose services during that time have been satisfactory shall be compelled by the appointing power to report for duty in another part of the state *without the consent of the board.*"

It is conceded that the transfer from Laytonville to Bridgeville is a change from one part of the state to another, since those districts are located a considerable distance apart. The record clearly shows and the court found the transfer of the petitioner from Laytonville to Bridgeville was attempted to be made without the approval or authorization of the state personnel board; in fact, that transfer does not even purport to have been authorized by Mr. Brownrigg, the executive officer of the board. On the contrary, it appears to have been directed by Mr. Kroeger, who was then the principal personnel technician. The principal personnel technician has no authority of law to perform administrative or executive duties of the executive officer of the board. The effort to transfer the petitioner from Laytonville to Bridgeville was, therefore, ineffectual and void.

■ The appellants contend that the executive officer of the board is authorized to transfer a highway officer from one portion of the state to another without the approval of the state personnel board, under the provisions of article XXIV, section 2 (c) of the Constitution of California, adopted November 6, 1934, which reads:

"The board shall appoint and fix the compensation of an executive officer who shall be a member of the State civil service but not a member of the board.

"Said executive officer shall perform and discharge all of the powers, duties, purposes, functions and jurisdiction hereunder or which hereafter by law may be vested in the board except that the adoption of rules and regulations, the creation and adjustment of classifications and grades, and dismissals, demotions, suspensions and other punitive action for or in the State civil service shall be and remain the duty of the board *and a vote of a majority of the members of said board shall be required to make any action with respect thereto effective.*"

It will be observed that the adoption of rules and regulations is specifically reserved to the board. The executive officer is given no power to adopt rules or regulations affecting administrative affairs or otherwise. That is the exclusive province of the board. Pursuant to that constitutional provision, rule 18, section 3, was duly adopted by the board, authorizing the transfer of an employee from one part of the state to another only with the *consent of the board.* We are of the opinion the adoption of that reasonable regulation is authorized by law. It is not in conflict with the provisions of article XXIV of the Constitution.

 Certainly neither the Constitution nor rule 18 of the board authorizes the delegation of authority to transfer an employee from one part of the state to another to the principal personnel technician, even though the executive officer be deemed to possess such power, which we seriously doubt. The appellants contend the executive officer of the board is invested with unusual and extraordinary power and authority under the constitutional provision above quoted, including discretionary and administrative authority on his part. This would mean that the executive officer is invested with concurrent power and authority to perform many duties which evidently were intended solely as the province of the board. It seems inconsistent to confer upon so important a tribunal as the state personnel board executive and administrative functions and then divest the board of its power by transferring those functions to an executive officer. It is equally inconsistent to assume that both the board and the executive officer were invested with concurrent jurisdiction

and authority to perform the same important functions. This would necessarily lead to a conflict of authority.

In the able brief which was filed in this proceeding by attorneys appearing as *amici curiae*, it is contended that article XXIV, section 2, of the Constitution does not confer upon the executive officer the authority to perform the duties or functions granted to the board except in accordance with its direction and approval; that the executive officer, after all, is an officer or agent of the board and subject to its direction. It is unnecessary for us to determine that far-reaching question. It is sufficient to say that by no stretch of construction may the constitutional provision referred to be deemed to authorize the principal personnel technician to perform the important functions conferred upon the executive officer of the board. He is not a deputy of the executive officer. It appears from the record that at the time this purported transfer occurred, Mr. Brownrigg, the executive officer, was out of the state, and that he had merely authorized Mr. Kroeger, the principal personnel technician, to perform his duties during his absence. Certainly the executive officer had no authority to delegate the important duties of his office to another individual. There is no authority of law for such delegation of power. It follows that the effort to transfer the petitioner from Laytonville to Bridgeville was ineffectual and void and that he was neither discharged nor did he resign, but he held himself in readiness at all times to perform his duties as highway maintenance foreman and is therefore entitled to his salary at the rate of $180 a month from August 9, 1936, as determined in the judgment rendered by the trial court. It is stipulated between the parties that the judgment for salary should be reduced in the amount of $15 per month on account of rental paid for the petitioner's dwelling house at Laytonville. It is accordingly so ordered.

As so modified, the judgment is affirmed.

Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 4, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 3, 1939. Shenk, J., and Houser, J., voted for a hearing.