[L. A. No. 21390. In Bank. Aug. 10, 1951.]

RALPH CLINTON BOREN, Appellant, v. STATE PER-
SONNEL BOARD OF CALIFORNIA et al., Respond-
ents.

George E. Cryer and R. Alston Jones for Appellant.

Fred N. Howser and Edmund G. Brown, Attorneys General, Howard C. Goldin and Bayard Rhone, Deputy Attorneys General, for Respondents.

TRAYNOR, J.—This appeal is on the judgment roll from a judgment of dismissal entered on an order sustaining a demurrer to plaintiff's second amended complaint without leave to amend.

The complaint in form is simply a complaint in a civil action. Plaintiff seeks to annul an order of defendant State Personnel Board dismissing him from his civil service position and also seeks a judgment awarding him the salary accruing thereto from the date of his suspension. For this relief, an ordinary civil action is inappropriate. (See Tenth Biennial Report of the Judicial Council of California, 133-145.)

Since the enactment of section 1094.5 of the Code of Civil Procedure, it is no longer open to question that in this state the writ of mandamus is appropriate ''for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer. . . .''

The proceedings of the State Personnel Board in connection with plaintiff's dismissal were clearly of the type envisioned by section 1094.5 (see Gov. Code, § 19750 et seq.), and the writ of mandamus will therefore lie to review the board's decision. Since the jurisdiction of the State Per-

638

sonnel Board, including its adjudicating power, is derived directly from the Constitution (art. XXIV, § 3a; *cf. Covert v. State Board of Equalization*, 29 Cal.2d 125, 131-132 [173 P.2d 545]), the writ of certiorari is also available to review the board's decisions. (*O'Brien v. Olson*, 42 Cal.App.2d 449, 453-457, 460 [109 P.2d 8]; Code Civ. Proc., §§ 1068, 1074.)

■ As against a general demurrer, however, it is unimportant that plaintiff's pleading was not in form a petition for mandamus or certiorari. All that is required is that plaintiff state facts entitling him to some type of relief, and if a cause of action for mandamus or certiorari has been stated, the general demurrer should have been overruled. (*Grain v. Aldrich*, 38 Cal. 514, 520 [99 Am.Dec. 423]; *Brown v. Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186, 188 [190 P. 797]; *Estate of Brown*, 196 Cal. 114, 125-126 [236 P. 144]; *In re City and County of San Francisco*, 195 Cal. 426, 429 [233 P. 965]; *In re California Toll Bridge Authority*, 212 Cal. 298, 309 [298 P. 485]; *Board of Trustees v. State Board of Equalization*, 1 Cal.2d 784, 787 [37 P.2d 84, 96 A.L.R. 775]; *Traders Credit Corp. v. Superior Court*, 111 Cal.App. 663, 667 [296 P. 99]; *Husband v. Superior Court*, 128 Cal.App. 444, 448 [17 P.2d 764]; Code Civ. Proc., §§ 452, 580, 1109.)

Even if the second amended complaint is regarded as a petition for a writ of mandamus or certiorari, it fails to allege any facts that would justify granting the relief sought.

Review of an administrative order by means of mandamus is governed by section 1094.5 of the Code of Civil Procedure, which provides: ". . . (b) The inquiry in such a case shall extend to the questions whether the respondent has proceeded without or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence."

Plaintiff has failed to allege facts that establish any lack or excess of jurisdiction. ■ Sections 2(c), 3(a), and 5(a) of article XXIV of the Constitution vest the State Personnel Board with jurisdiction over all dismissals, demotions, and suspensions in the state civil service. (See, also, Gov. Code, § 19570 et seq.) The order dismissing plaintiff from his civil service position was therefore within the jurisdiction of the board.

With respect to the requirement that he be accorded a fair trial, plaintiff contends that the State Personnel Board was a party to his contract of employment and is therefore unable to render an unprejudiced decision concerning it. ■ The very nature of a contract with the state, however, makes impossible an interpretation or enforcement of it that is, in the strictest sense, "disinterested"—some officer, agency, or court of the state itself must ultimately decide what are the state's rights and obligations. Protection to those who deal with the state is provided, not by referring controversies to third parties, but by electing and appointing conscientious officials and judges. To obtain responsible control over state employment the civil service system was established by the people. (Const., art XXIV.) The power to discipline employees was largely transferred from various officials and departments to the State Personnel Board. It was contemplated, furthermore, that civil service should be under the board's supervision, to the end that all personnel matters be expertly and uniformly administered. ■ There is no unfairness, therefore, in the fact that plaintiff's rights have been decided in the first instance by the same public agency with which he dealt at the time of his appointment. The position of the State Personnel Board in this respect is not unlike that of the Board of Medical Examiners and other licensing agencies that supervise the granting of licenses, the scope of the activities permitted thereunder, and, when necessary, the disciplining of licensees. (See *Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790 [136 P.2d 304]; *Webster* v. *Board of Dental Examiners*, 17 Cal.2d 534 [110 P.2d 992]; *Covert* v. *State Board of Equalization*, 29 Cal.2d 125 [173 P.2d 545]; *O'Brien* v. *Olson*, 42 Cal.App.2d 449 [109 P.2d 8].) ■ Moreover, state employment is accepted subject to statutory provisions regulating such matters as salary, working conditions, and tenure (*California* v. *Brotherhood of Railroad Trainmen, ante*, pp. 412, 417 [232 P.2d 857]; *Risley* v. *Board of Civil Service Commrs.*, 60 Cal.App.2d 32, 36-39 [140 P.2d 167]), and plaintiff is presumed to have known when he joined the civil service that the State Personnel Board is charged by law with deciding all questions of dismissal. (Const., art XXIV; Gov. Code, § 19570 et seq.) ■ The State Personnel Board was therefore a proper tribunal, and, since there is no claim that any member of the board was prejudiced against plaintiff, it must be concluded

that he has failed to allege facts that would establish the denial of a fair trial.

Although the complaint does not expressly allege an abuse of discretion within the meaning of section 1094.5, plaintiff's principal contention is to that effect.

It is alleged, in substance, that by reason of the representations of the State Personnel Board and the terms of plaintiff's acceptance of the offer of employment, it was a condition of his contract that he would not be required to serve outside the Southern California area; that he was ordered by his superior to report for duty at Sacramento, which is not in Southern California; that he refused to obey this order on the ground that it was contrary to his contract; that the charges before the State Personnel Board were based on this refusal; that his answer to the charges set up this condition of his contract; that the State Personnel Board "made no findings as to the location at which plaintiff had been appointed to serve, or as to the condition upon which he had accepted appointment to his position, . . . and said State Personnel Board declined to attach any significance to the conditional nature of plaintiff's employment; and said board entirely ignored plaintiff's defense that his contract of employment . . . justified his failure to obey the order of his superior to report for duty at Sacramento."

Under certain conditions, the failure of the board to consider a proper defense set up by the party charged or to make findings thereon might constitute a failure to proceed "in the manner required by law" and therefore an abuse of discretion under section 1094.5. (See Gov. Code, §§ 19578, 19582; cf. *Webster* v. *Board of Dental Examiners,* 17 Cal.2d 534, 543 [110 P.2d 992].) In this case, however, even had the board made findings in accord with plaintiff's allegations of fact, such findings would not support the conclusion that his employment was conditional in nature and that the condition justified his refusal to report for duty at Sacramento.

It is true that a demurrer assumes the truth of the facts alleged in the complaint, and it is also true that a contract may ordinarily be pleaded by its legal effect. Implicit in plaintiff's allegations, however, is the claim that the State Personnel Board had authority to promise on behalf of the state that plaintiff would not be required to serve elsewhere than in Southern California. Since the board's authority is governed by the Constitution and by the Civil Service Act (Gov. Code, § 18500 et seq.), both of which are the

subject to judicial notice (Code Civ. Proc., § 1875 (2), (3)), the scope of that authority is a question of law and may properly be considered on demurrer. (*Branham* v. *The Mayor etc. of San Jose*, 24 Cal. 585, 602; see, also, *Ohm* v. *San Francisco*, 92 Cal. 437, 449-450 [28 P. 580]; *Callahan* v. *Broderick*, 124 Cal. 80, 83 [56 P. 782].)

The terms and conditions of civil service employment are fixed by statute and not by contract. (*California* v. *Brotherhood of Railroad Trainmen*, *ante*, pp. 412, 417 [232 P.2d 857]; *Risley* v. *Board of Civil Service Commrs.*, 60 Cal.App.2d 32, 36 [140 P.2d 167]; *Nutter* v. *City of Santa Monica*, 74 Cal.App.2d 292, 298 [168 P.2d 741]; *City of Los Angeles* v. *Los Angeles etc. Council*, 94 Cal.App.2d 36, 44 [210 P.2d 305]; see *Neuwald* v. *Brock*, 12 Cal.2d 662, 668 [86 P.2d 1047]; 14 Cal.L.Rev. 326.) "When an employee of the state, under civil service, accepts a position, he does so with knowledge of the fact that his salary, and, indeed, his conduct, are both subject to the law governing such matters, as set forth in the statute and the rules and regulations of the commission." (*Raymond* v. *Christian*, 24 Cal. App.2d 92, 100 [74 P.2d 536]; see, also, *Stephens* v. *Clark*, 16 Cal.2d 490, 493 [106 P.2d 874].) The statutory provisions controlling the terms and conditions of civil service employment cannot be circumvented by purported contracts in conflict therewith. It is therefore unnecessary to determine whether the postal card questionnaire filled out by plaintiff when he applied for state employment set forth the conditions of a contract, as he contends, or was merely a request for information, as defendants contend. The controlling question is whether the statutory provisions governing employment in the state civil service gave to plaintiff's superior the authority to transfer him from Los Angeles to Sacramento.

Section 19360 of the Government Code provides: "An appointing power may at any time transfer any employee under his jurisdiction from one position to another in the same class or in another class having substantially similar duties, responsibilities, and qualifications, and substantially the same salary range. In every such case the appointing power shall give written notice of his action to the board, according to board rule."

Plaintiff contends that this section does not authorize the transfer of an employee, over his objection, to a place not contemplated in the contract of employment and that the

word "position" in the section refers to the kind of work and not to a geographical position or place. Even if it is conceded that "position" is equivalent to employment for particular work, no geographical limitation is placed upon the broad power granted to transfer an employee from one job in the state to another. (See *Spaletta* v. *Kelly,* 30 Cal. App.2d 656, 659-660 [86 P.2d 1074]; cf. *Mitchell* v. *Board of Trustees of Visalia Union High School Dist.,* 5 Cal.App.2d 64, 69 [42 P.2d 397].) Had the Legislature intended such a limitation, it could easily have been provided for, just as limitations as to duties, responsibilities, qualifications, and salary range were provided for. Moreover, the statute expressly applies to *any* employee and makes no exception of employees claiming under special contracts such as that alleged here.

The conclusion that section 19360 granted to plaintiff's superior the authority to transfer him to Sacramento is reinforced by the interpretation that the Legislature itself has given the statute. The section immediately following (§ 19361) provides: "If a transfer is protested to the board by an employee as made for the purpose of harassing or disciplining him, the appointing power may require the employee to transfer pending approval or disapproval of the transfer by the board. If the board disapproves the transfer, the employee shall be returned to his former position, shall be paid the regular travel allowance for the period of time he was away from his original headquarters, and his moving costs both from and back to the original headquarters shall be paid in accordance with Board of Control rules." "[A] transfer" in section 19361 obviously refers to a transfer pursuant to section 19360, and section 19361 clearly recognizes that such a transfer may involve a change from one geographical location to another. Further evidence of the Legislature's purpose may be found in section 18006 of the Government Code (formerly Pol. Code, § 352.5); that statute provides: "Whenever a state officer, agent or employee is required by the appointing power to change his place of residence nec. ssitating the moving of his household effects, such officer, agent or employee shall receive his actual moving expenses not to, exceed four hundred dollars ($400), and the Board of Control may adopt general rules and regulations covering the payment of such expenses." The implication is obvious that a geographical transfer may be required.

It should be observed that there is no allegation by plain-

tiff that the order that he report for duty at Sacramento was made to harass or discipline him. The present case is therefore to be distinguished from the recent decision of this court in *Buckman* v. *Board of Supervisors, ante,* pp. 305, 307 [231 P.2d 496].

Plaintiff contends that even if the State Personnel Board was without authority to make a contract limiting the geographical area of plaintiff's service, the state is nevertheless estopped by the board's representations. To invoke estoppel in cases like the present would have the effect of granting to the state's agents the power to bind the state merely by representing that they have the power to do so. ██ It is accordingly held that the authority of a public officer cannot be expanded by estoppel. (*County of San Diego* v. *California Water etc. Co.,* 30 Cal.2d 817, 825-830 [186 P.2d 124]; *Wheeler* v. *City of Santa Ana,* 81 Cal.App.2d 811, 817 [185 P.2d 373]; *Branham* v. *The Mayor etc. of San Jose,* 24 Cal. 585, 604; *Raisch* v. *City and County of San Francisco,* 80 Cal. 1, 6 [22 P. 22]; *Gardella* v. *County of Amador,* 164 Cal. 555, 564 [129 P. 993]; *Foxen* v. *City of Santa Barbara,* 166 Cal. 77, 81-83 [134 P. 1142]; *Von Schmidt* v. *Widber,* 105 Cal. 151, 157 [38 P. 682]; *Sacramento etc. Dist.* v. *Riley,* 194 Cal. 624, 638 [229 P. 957]; see, also, 10 Cal.Jur. § 28, p. 652; 7 A.L.R. 1248, 1249; *cf. Lukens* v. *Nye,* 156 Cal. 498, 505-506 [105 P. 593]; *City of Arcata* v. *Green,* 156 Cal. 759-764-765 [106 P. 86].)

██ Even in the field of private contracts, the doctrines of ostensible agency or agency by estoppel are not based upon the representations of the agent but upon the representations of the principal. (*Ernst* v. *Searle,* 218 Cal. 233, 237 [22 P.2d 715]; *Hill* v. *Citizens National Trust & Savings Bank,* 9 Cal.2d 172, 176 [69 P.2d 853]; Civ. Code, § 2317; see, also, *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412, 452 [159 P.2d 958]; *Pacific Ready-Cut Homes* v. *Seeber,* 205 Cal. 690, 694 [272 P. 579]; *Harris* v. *San Diego Flume Co.,* 87 Cal. 526, 528 [25 P. 758]; 1 Cal.Jur. §§ 33-45, pp. 731-747 [especially §§ 39, 41].)

██ Here the state, as principal, did not represent that the board could limit plaintiff's service to Southern California, but on the contrary enacted and published section 19360 of the Government Code, which gives the power of transfer to plaintiff's superior.

It must be concluded that no abuse of discretion is indicated by the allegation that the board ignored plaintiff's claimed contractual defense and made no findings thereon. [21] Moreover, the complaint states that the board did make find-

ings, although they are not set forth, even in substance. Under these circumstances, it must be assumed, in the absence of a contrary allegation, that the decision is supported by the findings and that the findings are supported by the evidence.

Having failed to bring his allegations within the provisions of section 1094.5 of the Code of Civil Procedure, plaintiff has failed to state a cause of action for relief by writ of mandamus. Inasmuch as the scope of review by certiorari is at least as limited as that by mandamus (see Code Civ. Proc., § 1074), it follows that plaintiff has likewise failed to state a cause of action in certiorari.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied September 7, 1951.