[Civ. No. 13982. Third Dist. Oct. 19, 1973.]

JOSEPH A. POWER, JR., Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent.

## COUNSEL

Blumberg, Sherr, Flanagan, Kerkorian & Tahajian, James H. Flanagan, Jr., Loren E. McMaster and Michael D. Stump for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Talmadge R. Jones, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**THE COURT.**—On June 14, 1971, appellant Joseph A. Power, Jr., filed a first amended petition alleging he had made a formal request to file charges with respondent board, against a fellow state employee. The request included 21 declarations under oath. This original request to file was summarily denied and on September 30, 1970, appellant again re-submitted his request to file charges. This second request was denied on January 5, 1971, again without a formal hearing before respondent board. Pursuant to a request of respondent, the accused Robert P. Mannen and the Attorney General filed a joint letter response to the accusations, a copy of which was provided to appellant along with respondent's denial of con-

sent. Appellant finally alleged that the refusal of respondent to hold any hearings on the request to file charges was an abuse of respondent's discretion, and further alleged such action was arbitrary and capricious.

The writ was denied with the trial court holding that mandate does not lie to control discretionary acts (namely, the granting or denying of consent to file charges) the exercise of which is exclusively vested in respondent. (See Gov. Code, § 19583.5.) Further, even assuming the court could review the exercise of respondent's discretion, such judicial review is limited to a determination of whether respondent abused its discretion. The trial court found no such abuse of discretion.

■ We conclude that the appeal is without merit and will accordingly affirm the judgment of the court below.

Government Code section 19583.5 provides in part: "Any person *with the consent* of the board or the appointing power may file charges against an employee requesting that punitive action be taken for one or more causes for discipline specified in this article." (Italics added.)

Appellant urges that article XXIV, section 2, of the California Constitution, section 18670 of the Government Code and other statutes *require* the respondent board to conduct a threshold hearing or to make findings concerning the merits of charges sought to be filed, before rendering a decision granting or denying consent to file such charges. This is not the law. Respondent board is simply enjoined from exercising its discretion in an arbitrary, capricious, or fraudulent manner and from making a decision that has no reasonable basis in law or substantial basis in fact. (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 150-151 [93 Cal.Rptr. 234, 481 P.2d 242].)

We note that here both decisions denying consent were made *after* the respondent board had considered the requested investigative response of the Attorney General. Obviously, the respondent could have concluded from the response that the Attorney General had, even prior to respondent's request, thoroughly investigated the substance of the charges sought to be filed and that no further action was required. We conclude there is no duty placed upon the respondent to do more than it did prior to the exercise of its discretion. (*Faulkner* v. *Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 326 [253 P.2d 659].) If the board were required to hold hearings on all requests to file charges, this, of course, would obviate the exercise of the very discretion statutorily conferred upon the board by Government Code section 19583.5 and open the door to a possible hailstorm of charges the product of envy, malcontent, and vendetta of disgruntled state employees. Such a result would not only undermine the entire state personnel system

but could conceivably prevent the board from carrying out its required duties.

Furthermore, to require a hearing of any kind as to the veracity of the charges would establish a procedural concept exactly contrary to the language of section 19583.5. We think there is a fundamental distinction between an administrative hearing as to the truth of charges along with the attendant safeguards such a hearing necessarily involves, and an informal inquiry as to whether such charges are to be permitted to be filed in the first instance. Neither the Constitution nor the relevant statutes intended to raise a preliminary inquiry into a request to file charges to the dignity of an administrative hearing.

In *Bixby, supra,* 4 Cal.3d 130, the Supreme Court, after examining the legislative history of section 1094.5 of the Code of Civil Procedure carefully distinguished between the kinds of judicial review available depending upon the nature of the administrative agency and the nature of the *right* involved. If the right affected by the administrative decision is a fundamental vested right, such decision requires independent judicial review. (*Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 915 [80 Cal.Rptr. 89, 458 P.2d 33]; *Beverly Hills Fed. S. & L. Assn.* v. *Superior Court* (1968) 259 Cal.App.2d 306, 316 [66 Cal.Rptr. 183].) The resolution of this question requires a case-by-case examination into the nature of the right of the individual; that is, whether it is a fundamental and basic one, which will suffer substantial interference by the action of the administrative agency, and, if it is such a fundamental right, whether it is possessed by, and vested in, the individual or *merely sought by him.* As said in *Bixby:* ". . . In the latter case, since the administrative agency must engage in the delicate task of determining whether the individual qualifies for the sought right, the courts have deferred to the administrative expertise of the agency. If, however, the right has been acquired by the individual, and if the right is fundamental, the courts have held the loss of it is sufficiently vital to the individual to compel a full and independent review. The abrogation of the right is too important to the individual to relegate it to exclusive administrative extinction.

"In determining whether the right is fundamental the courts do not alone weigh the economic aspect of it, but the effect of it in human terms and the importance of it to the individual in the life situation. This approach finds its application in such an instance as the opportunity to continue the practice of one's trade or profession—a right which induced this court's statement in 1939: 'it necessarily follows that the court to which the application for mandate is made to secure the restoration of a professional

license must exercise an independent judgment on the facts. . . .' (*Drummey* v. *State Bd. of Funeral Directors, supra,* 13 Cal.2d 75, 85 [87 P.2d 848].) As Professor Jaffe, a leading authority in the field of administrative law, has written: 'The California rule can be justified in so far as it gives additional procedural protection to an interest of great importance as where a professional license has been revoked. The protection may be the more needed to overcome likely prejudices of a professional licensing body against mavericks and unconventional practitioners.' Jaffe, Judicial Control of Administrative Action, *supra,* pp. 191-192 (fn. omitted)." (See *Bixby* v. *Pierno, supra,* 4 Cal.3d at pp. 144-145.)

In this context, the *right* appellant seeks is a hearing into the merits of accusatory charges against a fellow state employee *before* the respondent board follows the law in granting or denying consent to appellant to file such charges. We hold that such "right" is nonexistent and is neither fundamental nor vested in appellant and that the trial court followed the correct criterion of judicial review in denying the writ.

Finally, we think the present scope of mandamus reaches to and forestalls the capricious, arbitrary or fraudulent abuse of administrative discretion in matters of fundamental vested rights (*Boren* v. *State Personnel Board* (1951) 37 Cal.2d 634, 637, 638 [234 P.2d 981]; *Drummey* v. *State Bd. of Funeral Directors* (1939) 13 Cal.2d 75, 82-85 [87 P.2d 848]; *Bixby* v. *Pierno, supra,* 4 Cal.3d 130), but the use of such a writ is not intended to overturn the exercise of the administrative discretion here involved.

Judgment affirmed.