[No. B040196. Second Dist., Div. Seven. May 21, 1990.]

TIM PREIS et al., Plaintiffs and Appellants, v.
AMERICAN INDEMNITY COMPANY et al., Defendants and
Respondents.

**COUNSEL**

Jeffrey D. Diamond for Plaintiffs and Appellants.

Shield & Smith, Donna Rogers Kirby, Douglas Fee and Donald Hugh Moore for Defendants and Respondents.

**OPINION**

**JOHNSON, J.**—This is an appeal by plaintiffs Tim Preis, California Trust Deed Group, and Trinity Valley Savings and Loan Association from a summary judgment in favor of defendants Appleby and Sterling and American Indemnity Company. We reverse.

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

Tim Preis, California Trust Deed Group, and Trinity Valley Savings and Loan Association filed suit against American Indemnity Company (American), an insurance carrier, and Appleby and Sterling (Appleby), American's general agent, for refusing to pay insurance proceeds on property damaged by fire.

The following facts are undisputed: In 1985, Mr. Preis purchased an apartment building referred to as the South Kenwood properties. The property was encumbered by a deed of trust held by Trinity Valley, and a second deed of trust held by California Trust Deed Group (CTDG).

Before Mr. Preis purchased the South Kenwood properties, they were covered under an insurance policy issued by American. The policy period

was from September 24, 1985, to September 24, 1986. The named insureds were Albert Leon and Michael Henschell. The policy was produced by the Al Schlom Insurance Agency, acting as an insurance broker. Schlom gave the account to Appleby, American's general agent, which issued the policy that is the subject of this lawsuit.

On November 20, 1985, within the effective dates of the subject insurance policy, Preis purchased the apartment buildings insured under this policy. However, prior to the transfer of ownership, Trinity Valley, the lender, required Preis to show proof of hazard insurance before Trinity would finance the purchase. In an attempt to gather the requisite documentation, Preis and Trinity Valley contacted the Al Schlom Insurance Agency.

Upon notice of the pending transfer of ownership of the properties to Preis, and the pending funding of a purchase money loan by Trinity Valley, the Al Schlom Insurance Agency modified the policy by preparing the following documents; (1) a certificate of insurance naming Preis as the insured and Trinity Valley as the certificate holder, (2) a lender's loss payable endorsement indicating Trinity Valley as the loss payee/mortgagee, and (3) an endorsement formally amending the policy. Schlom then sent the modified policy to Preis and Trinity Valley. With proof of hazard insurance verified, Trinity Valley loaned Preis the money to purchase the property.

The South Kenwood properties were subsequently damaged by a fire on March 27, 1986. American denied coverage for the damage, insisting the policy was cancelled effective in early November 1985.

The policy issued to Leon and Henschell contained a cancellation provision which stated in relevant part: "This policy may be cancelled by the Company by mailing to the named insured at the mailing address shown in the declarations, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. . . . Notice of cancellation addressed to the named insured and mailed to the mailing address shown in the Declarations shall be sufficient notice to effect cancellation of this policy."

Plaintiffs sued defendants American and Appleby for damages and declaratory relief, alleging negligence, breach of the covenant of good faith and fair dealing, breach of fiduciary duty and breach of statutory duties under California Insurance Code section 790.03, subd. (h). Plaintiffs contended American's policy covering the South Kenwood properties was never cancelled and was in full force and effect on the date of the fire, March 27, 1986. Plaintiffs also alleged Schlom acted as American's and Appleby's ostensible agent in changing the names of the insured and loss pay-

ee/mortgagee to Tim Preis and Trinity Valley respectively on a date after the purported cancellation of the policy.

Appleby and American successfully moved for summary judgment on the grounds the undisputed evidence showed: (1) the policy was cancelled in accordance with its provisions prior to the fire and (2) Schlom had no authority to issue or renew a policy on the South Kenwood properties.

## DISCUSSION

### I. STANDARD OF REVIEW.

■ "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor. . . . Where, as here, the moving party is a defendant, he must either negate a necessary element of the plaintiff's case or state a complete defense." (*Parsons Manufacturing Corp.* v. *Superior Court* (1984) 156 Cal.App.3d 1151, 1157 [203 Cal.Rptr. 419], italics omitted.) Unless the defendant's declarations meet this threshold requirement, the plaintiff has no obligation to file declarations of its own in order to defeat the motion. (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 111 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; *Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 724].)

■ On motion for summary judgment, "the trial court must first carefully examine the declarations filed in support of the motion, strictly construing these against the moving party." (*Weaver* v. *Superior Court* (1979) 95 Cal.App.3d 166, 183 [156 Cal.Rptr. 745].)

Code of Civil Procedure section 437c, subdivisions (b) and (c) provide a motion for summary judgment is properly granted only where "affidavits, declarations, admissions, answers to interrogatories, depositions and matters of which judicial notice shall or may be taken" in support of and opposition to the motion "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ In reviewing a grant of summary judgment, an appellate court must make its own independent determination of the construction and effect of the papers submitted (*Larsen* v. *Johannes* (1970) 7 Cal.App.3d 491, 496 [86 Cal.Rptr. 744]), and the validity of the ruling is reviewable irrespective of the reasons stated. (*Durbin* v. *Fletcher* (1985) 165 Cal.App.3d 334, 341 [211 Cal.Rptr. 483].)

Plaintiffs base their action against the defendants on two independent theories. Plaintiffs contend the notice of cancellation was never mailed to Leon and Henschell as required by the policy and, therefore, the policy was still in effect at the time of the fire. Alternatively, plaintiffs contend Al Schlom, acting as American's and Appleby's agent, issued a new insurance policy, which was in effect at the time of the fire. In order to succeed on summary judgment, defendants Appleby and American must negate both of plaintiffs' contentions.

In this case we find triable issues of fact exist as to each of plaintiffs' independent theories. There are triable issues of fact whether Appleby mailed a cancellation notice and, if it did, whether the notice was mailed to Leon and Henschell as required by the terms of the policy. Additionally, a triable issue of fact exists whether Schlom acted as an ostensible agent of the defendants in modifying and effectively issuing a new insurance policy to plaintiffs.

## II. TRIABLE ISSUES OF FACT EXIST AS TO WHETHER THE CANCELLATION NOTICE WAS MAILED AND, IF IT WAS, TO WHOM IT WAS MAILED.

■ It is the general rule that the parties to an insurance policy are free, subject to legislative restriction, to arrange the occasions, method, and means of cancellation by private agreement. (*Ohran* v. *National Automobile Ins. Co.* (1947) 82 Cal.App.2d 636, 645 [187 P.2d 66].) Here, the insurer and insureds agreed the policy could be cancelled by the insurer mailing written notice to the named insureds at the mailing address shown in the policy declarations. Thus, under the terms of the policy, defendants were required to mail a notice of cancellation to the named insureds, Leon and Henschell, to effectuate the cancellation. According to Insurance Code section 38, the affidavit of the person who mails the notice, stating the facts of such mailing is prima facie evidence the notice was mailed.

■ Defendants did not submit an affidavit from anyone claiming to have mailed a cancellation notice to Leon and Henschell. Instead, defendants presented a copy of a notice canceling the policy, a postal receipt showing that on October 24, 1985, an envelope was mailed by Appleby to the named insureds, Leon and Henschell, and a declaration by Appleby's vice-president, Walter Maurer, describing Appleby's procedures for preparing and mailing cancellation notices. According to Maurer's declaration, the procedure for mailing notices of cancellation was as follows: "The cancellation notice would be prepared in the typing department under the supervision of a more senior employee. The senior employee would sign the various copies of the cancellation notice and return the notices in the file to

the typist. The typist was present when the notices were signed. After the notices were signed the typist would mail copies to the named insureds, at the address listed on the insurance policy. It was our custom and practice to send one copy of the notice of cancellation to the insureds at the address listed on the policy. The typist would affix one copy of the notice of cancellation to the file. The documents for mailing would be delivered by the typist to the mail person. The documents were mailed on the same day they were prepared. The mail person would then take the documents to the post office to be mailed." Maurer's declaration also states the cancellation notice was mailed to Tim Preis, not to Leon and Henschell.

■ Plaintiffs objected to the admissibility of the postal receipt as hearsay. The objection was properly overruled because the postal receipt was admissible under the official records exception to the hearsay rule. Under Evidence Code section 1280: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if: [¶](a) The writing was made by and within the scope of duty of a public employee; [¶](b) The writing was made at or near the time of the act, condition, or event; and [¶](c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

Here, the postal receipt appears to have been filled out by a post office employee at the time of mailing. The postal receipt was stamped with a post office seal. The statutory presumption an official duty has been regularly performed applies to official writings, and may help lay the foundation for admission of the official writing. This presumption shifts the burden of proving the foundational issue of trustworthiness of the method of preparing the official writing to the party objecting to the admission of the official writing. (See *Snelgrove* v. *Department of Motor Vehicles* (1987) 194 Cal.App.3d 1364, 1374-1375 [240 Cal.Rptr. 281]). Plaintiffs did not present any evidence to show untrustworthiness of the postal receipt. Hence, the postal receipt was admissible.

■ However, the postal receipt established at most that on October 24, 1985, an envelope was mailed to Leon and Henschell at a certain address. Defendants presented no evidence as to the contents of the envelope. For all that appears from the record, the envelope may have been empty. Thus, the postal receipt is not evidence a notice of cancellation was mailed to Leon and Henschell as required under the terms of the policy.

Proof of mailing the cancellation notice would not have been difficult. Defendants need only have submitted a declaration from a competent witness describing the following steps: (1) the witness placed a notice of cancel-

lation of the subject policy in an envelope, (2) the envelope was addressed to Leon and Henschell at the declared address, (3) the envelope was affixed with the proper postage, and (4) placed in the United States mail at a certain location. No such declaration appears in the record.

The only evidence a cancellation notice was mailed is the declaration of Walter Maurer. (*Ante*, at pp. 758-759.) Assuming Maurer's testimony as to Appleby's habit and custom in mailing cancellation notices is admissible to prove a notice cancelling this particular policy was mailed,[1] this evidence is contradicted by Henschell's declaration neither he nor Leon ever received such a notice. Henschell's declaration raises a triable issue of fact as to whether the notice was mailed. (*Lucas* v. *Hesperia Golf & Country Club* (1967) 255 Cal.App.2d 241, 247 [63 Cal.Rptr. 189].)

Furthermore, Maurer's declaration actually contradicts defendants' claim a notice of cancellation was mailed to the insureds, Leon and Henschell. According to Maurer's declaration, which he signed under penalty of perjury, the cancellation notice was mailed to Tim Preis. In a letter brief filed after oral argument, defendants urge us to ignore this "obviously . . . inadvertent error" in Maurer's declaration. We do not believe Maurer's statement can be so easily dismissed. Under the well-settled rule the affidavits of the moving party are strictly construed, *Weaver* v. *Superior Court, supra*, 95 Cal.App.3d at page 183, Maurer's declaration itself raises a triable issue of fact as to whether the cancellation notice was mailed to Leon and Henschell as required by the policy. Furthermore, Maurer's statement was made under penalty of perjury. Presumably, he read it before he signed it. At the very least, Maurer's lack of attention to the facts he was swearing to renders his declaration suspect. He may also have erred in his description of Appleby's habit and custom in mailing notices of cancellation. Code of Civil Procedure section 437c, subdivision (e) provides "If a party is *otherwise entitled* to a summary judgment pursuant to the provisions of this section, summary judgment shall not be denied on grounds of credibility . . . ." (Italics added.) Thus if defendants were otherwise entitled to summary judgment on the issue of mailing, Maurer's declaration might not be grounds for denying defendants' motion. But as previously explained, the postal receipt does not support summary judgment because it does not establish a notice was mailed. Maurer's declaration is the *only* evidence a cancellation notice was mailed and it states the notice was mailed to the wrong person.[2]

---

[1] Evidence Code section 1105 provides: "Any otherwise admissible evidence of habit or custom is admissible to prove conduct on a specified occasion in conformity with the habit or custom."

[2] Defendants also claim the contradiction in Maurer's declaration was waived by plaintiffs' failure to object to it in the hearing below. The relevancy of this argument escapes us. We see

For the reasons stated above, triable issues of fact exist as to whether the cancellation notice was mailed and, if it was, whether it was mailed to Leon and Henschell as required by the terms of the policy.

III. TRIABLE ISSUES OF FACT EXIST AS TO WHETHER THE AL SCHLOM INSURANCE AGENCY WAS AN OSTENSIBLE AGENT OF AMERICAN INDEMNITY.

Generally speaking, a person may do by agent any act which he might do himself. (Civ. Code, §§ 2304, 2305.) An agency is either actual or ostensible. (Civ. Code, § 2298.) "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." (Civ. Code, § 2300.) To establish ostensible authority in an agent, it must be shown the principal, intentionally or by want of ordinary care has caused or allowed a third person to believe the agent possesses such authority. (Civ. Code, § 2317; *Hill* v. *Citizens Nat. Trust & Sav. Bk.* (1937) 9 Cal.2d 172, 176 [69 P.2d 853].)

Under Civil Code section 2334, a principal is bound by acts of his ostensible agent to those persons "who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof." ■ Liability of the principal for the acts of an ostensible agent rests on the doctrine of "estoppel," the essential elements of which are representations made by the principal, justifiable reliance by a third party, and a change of position from such reliance resulting in injury. (*Kelley* v. *R.F. Jones Co.* (1969) 272 Cal.App.2d 113, 121 [77 Cal.Rptr. 170].)

Ostensible authority must be established through the acts or declarations of the principal and not the acts or declarations of the agent. (*People* v. *Surety Ins. Inc.* (1982) 136 Cal.App.3d 556, 562 [186 Cal.Rptr. 385].) However, the doctrine of ostensible authority extends to subagents; hence the principal is similarly liable to third persons for representations made by subagents. (*Hartong* v. *Partake* (1968) 266 Cal.App.2d 942, 963 [72 Cal.Rptr. 722].) Also, where the principal knows that the agent holds himself out as clothed with certain authority, and remains silent, such conduct on the part of the principal may give rise to liability. (*Leavens* v. *Pinkham & McKevitt* (1912) 164 Cal. 242, 247-248 [128 P. 399].)

These principles are illustrated by *Thompson* v. *Occidental Life Ins. Co. of California* (1969) 276 Cal.App.2d 559 [81 Cal.Rptr. 37], a suit for life

---

no reason why plaintiffs would object to the introduction of Maurer's declaration when it aids their opposition to defendants' motion.

insurance proceeds in which the issue was whether the insurance came into force on payment of a monthly premium by the applicant to the insurer's agent. The court held summary judgment for the plaintiff could not be sustained on the ground that, as a matter of law, the contract came into existence, where such existence depended on the resolution of at least two factual questions; (1) whether the insurer's agent had authority, either actual or ostensible, to act as he did, and (2) whether the applicant could reasonably expect that he was afforded immediate coverage upon payment of the premium. (*Id*. at p. 564.) The court held these matters were for the trier of fact to resolve, and they should not have been decided by an order granting a summary judgment. (*Ibid*.)

■ Similarly, in the present case we must determine if there are triable issues of fact as to (1) whether an ostensible agency relationship existed between the Al Schlom Insurance Agency and defendants, and if so, (2) whether the Al Schlom Insurance Agency acted within its ostensible authority in amending the policy, or (3) whether the defendants led the plaintiffs into believing the Al Schlom Insurance Agency had the power to modify this policy.

(a) *Representations Made by Defendants:*

It is uncontroverted Appleby acted as managing general agent, or subagent, for American. Therefore, the general principles set out in *Hartong* v. *Partake, supra*, require us to look at the acts and representations made by both American and Appleby in determining if there is a question of fact whether the plaintiffs justifiably relied on defendants' representations.

The facts show defendants gave their certificate of insurance forms to the Al Schlom Insurance Agency. This allowed the Al Schlom Insurance Agency to issue certificates of insurance on behalf of the defendants. A question of fact thus arises whether the defendants knew or should have known Al Schlom was holding himself out to the public as having certain powers to act on their behalf.

Furthermore, there is a genuine dispute as to any limits placed on Al Schlom's use of Appleby's certificates. Defendants contend Appleby gave Schlom the authority to issue certificates of insurance on just one account. Plaintiffs point to a broader authority to prepare and transmit certificates of insurance on behalf of Appleby. Plaintiffs argue Appleby supplied the Al Schlom Insurance Agency with certificate forms with Appleby's name and that during the course of their relationship Schlom was authorized to and did issue hundreds of certificates of insurance where Appleby was the general agent.

(b)  *Reliance on Representations:*

Plaintiffs received a certificate of insurance from the Al Schlom Insurance Agency. Affixed to the certificate were the names of both Al Schlom, who prepared the document, and defendant, Appleby, which provided the certificate form. The evidence shows Trinity Valley would not loan the purchase money to Preis until there was sufficient proof of hazard insurance. Only after the certificate of insurance was delivered did Trinity Valley choose to loan the money used to buy the property covered under the subject policy.

Defendants contend the plaintiffs' reliance was misplaced because Schlom testified in his deposition these documents were issued in error. Furthermore, Schlom stated he knew he did not have the authority to issue the particular certificate in question and affix his name to it. However, neither contention goes to the factual question whether or not the plaintiffs, at the time the certificate was issued, reasonably believed Schlom was acting under the defendants' authority.

(c)  *Change of Position Resulting From Reliance:*

Restatement Second of Agency section 8B provides: "(1) A person who is not otherwise liable as a party to a transaction purported to be done on his account, is nevertheless subject to liability to persons who have changed their positions because of their belief that the transaction was entered into by or for him if [¶] (a) he intentionally or carelessly caused such belief."

Plaintiffs contend they relied on defendants' certificate of insurance, issued by their insurance broker, Al Schlom, on behalf of the defendants. Subsequently, plaintiffs suffered an economic loss when defendants refused to pay insurance proceeds for damages sustained by fire.

Defendants have not negated the possibility their act of placing Schlom in such a position to amend the policy or their failure to exercise the requisite degree of control over the issuance of insurance documents on their behalf caused plaintiffs to believe Schlom possessed the power to act.

We find a triable issue of material fact exists as to whether American as principal or Appleby as American's subagent negligently caused or allowed the plaintiffs to believe the Al Schlom Insurance Agency possessed the authority to modify the insurance policy.

## DISPOSITION

The judgment is reversed. Appellants are awarded their costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

Respondents' petition for review by the Supreme Court was denied August 1, 1990.