145 F.3d 1339
 81 A.F.T.R.2d 98-2256, 98-2 USTC P 50,500
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. MONTELIUS, Jr., Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70670.
 TC No. 9300-92.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1998.
Decided May 26, 1998.
 
 Appeal from the United States Tax Court Mary Ann Cohen, Judge, Presiding.
 Before CANBY, NOONAN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert L. Montelius, Jr., as Tax Matters Partner for Investment Engineers, Ltd. ("the Partnership"), appeals the decision of the U .S. Tax Court finding that the Partnership had authorized him in writing to execute consents extending the period of limitations for tax assessment under 26 U.S.C. 6229(b)(1)(B). Montelius also argues that the Tax Court improperly excluded evidence offered by the Partnership at trial. We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 Investment Engineers was created by a Limited Partnership Agreement executed on December 31, 1982 between Timothy J. Curtis ("Curtis") as general partner and another individual as limited partner. Montelius became a limited partner in December of 1982. In July of 1984, Curtis executed a witnessed document purporting to admit Montelius as an additional general partner. Both Curtis and Montelius mistakenly believed that this document was sufficient under the new California Revised Limited Partnership Act, Cal.Corp.Code §§ 15611-15723, to admit Montelius as a general partner, and Montelius acted in this capacity. Curtis never took any steps to resign as general partner, and the Partnership argued below and on appeal that he remains general partner.
 
 
 4
 In October of 1985, IRS agent Matthew Claus ("Claus") spoke to Curtis concerning an audit of the Partnership. Curtis told Claus that Montelius had replaced him as general partner. Claus followed up with Montelius, who identified himself as general partner and signed consents extending indefinitely the period of limitations for assessment of tax attributable to partnership items for tax years 1982, 1983, 1984. In December of 1991, the Commissioner of Internal Revenue ("Commissioner") issued notices of Final Partnership Administrative Adjustment (FPAA) disallowing the Partnership's deductions for costs of goods sold for these years. The Partnership argued before the Tax Court that Montelius had no authority to sign the consents to extend the limitations period because he was not a general partner, and that in the absence of a valid consent, the statute of limitations barred the Commissioner's adjustments. After a trial on this issue, the Tax Court found that Montelius did have the requisite authority. See T.C.Memo.1994-255. A second trial was held on the merits, and the Tax Court approved the adjustments made by the Commissioner. See T.C.Mem.1996-122. The Partnership's Motion to Revise and Vacate the Tax Court's decisions was denied.
 
 ANALYSIS
 
 5
 The period of limitations for assessing income tax attributable to partnership items can be extended with respect to all partners by an agreement between the IRS and the tax matters partner or "any other person authorized by the partnership in writing to enter into such an agreement." § 6229(b)(1)(B). Montelius acknowledges that the necessary writing need not specifically refer to a consent under § 6229, and that a partnership agreement is sufficient written authorization to a general partner to execute such consents where the agreement extends broad authority to the general partner to carry on the partnership's business. See Cambridge Research & Dev. Group v. Commissioner, 97 T.C. 287, 300-02, 1991 WL 169192 (1991); cf. Medical & Business Facilities, Ltd. v. Commissioner, 60 F.3d 207, 210-11 (5th Cir.1995). Montelius further acknowledges that the language of the Limited Partnership Agreement in this case is broad enough to authorize general partners to execute such consents.
 
 
 6
 Montelius had at least apparent or ostensible authority to act in the capacity of general partner. Under California law, an agency is ostensible where the principal, intentionally or by want of ordinary care, has caused or allowed a third party to believe that another person is his agent. Cal.Civ.Code § 2300; Preis v. American Indemnity Co., 220 Cal.App.3d 752, 761, 269 Cal.Rptr. 617 (1990); see also Associated Creditors' Agency v. Davis, 13 Cal.3d 374, 399-400, 118 Cal.Rptr. 772, 530 P.2d 1084 (1975). When IRS Agent Claus contacted Curtis concerning the audit of the Partnership, Curtis told him that Montelius was general partner. The Partnership maintains that Curtis was still general partner at that time. Thus, the Partnership, through its agent Curtis, led Claus to believe that Montelius was an agent of the Partnership with the powers of general partner. Given the fact that Montelius was, in fact, acting as general partner, Claus's reliance on Curtis's representations was not unreasonable. Because Montelius was an agent of the Partnership with ostensible authority to act as general partner, the broad grant of authority to general partners in the Partnership Agreement provided him with the necessary written authorization to sign consents under § 6229(b)(1)(B).
 
 
 7
 The Tax Court did not abuse its discretion by excluding the Partnership's proposed trial exhibit. The Partnership's exhibit contained approximately 100 documents and was not properly prepared and marked in the form of an exhibit. The Tax Court correctly found that admitting the exhibit would be inherently prejudicial to the court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3