Barbara Lou BERRY;  et al.,
Plaintiffs—Appellants,

Sheila Nixon, Plaintiff—Appellant,

and

Camie Butler, individually and on
behalf of persons similarly
situated, Plaintiff,

v.

CHEVRON USA, INC., a Michigan
corporation dba Chevron Credit
Bank, Defendant—Appellee,

and

Jenny Everard, Individually and as a
supervisor at Chevron USA, aka:
Jennifer Everard, Defendant.

No. 02–17344.
D.C. No. CV–00–01353–SBA(JL).

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Dec. 18, 2003.

* This panel unanimously finds this case suitable for decision without oral argument.  See   Fed. R.App. P. 34(a)(2).

David Poore, Bjork Lawrence, Oakland, CA, for Plaintiff–Appellant.

Paul R. Johnson, Robert D. Eassa, Filice, Brown, Eassa & McLeod, LLP, Oakland, CA, for Defendant–Appellee.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Plaintiffs Barbara Berry, Sheila Nixon Smith, and Doris Clark appeal the district court's order granting summary judgment in favor of defendants (collectively, "Chevron"). The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and we have jurisdiction pursuant to 28 U.S.C.

§ 1291. We review the district court's decision to grant summary judgment *de novo.* *Lindahl v. Air France,* 930 F.2d 1434, 1436 (9th Cir.1991). We affirm. Because the parties are familiar with the facts and procedural history, we need not recount it here.

## I

The district court did not err in granting summary judgment on Plaintiffs' discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(2) and the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900. Because California law under the FEHA mirrors federal law under Title VII, federal cases are instructive and will be relied upon to determine the merits of the discrimination action. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1219 (9th Cir.1998).[1]

Because Chevron has articulated a legitimate, nondiscriminatory reason for not hiring Plaintiffs, they must demonstrate the stated reason was a pretext for unlawful discrimination in order to survive summary judgment. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiffs may establish pretext (1) by direct evidence if it proves the fact of discriminatory animus without inference or presumption, or (2) by specific and substantial indirect circumstantial evidence. *Godwin,* 150 F.3d at 1221–1222.

█ In the present case, there is no evidence of direct discrimination in the record. Plaintiffs admit that the relevant

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Chevron has objected to our consideration of various issues that were not presented to the district court. However, we will exercise our discretion to entertain Plaintiffs' arguments because they involve purely legal questions and the relevant record is fully developed. *See Jordan v. Clark,* 847 F.2d 1368, 1374 n. 6 (9th Cir.1988).

Chevron employee, Jenny Everard, never made blatant racial epithets and was never openly hostile or racist. The most Plaintiffs can argue is that she made generic condescending statements, which would require us to make an improper conclusory inference of discrimination. *See Forsberg v. Pac. Northwest Bell Tel. Co.,* 840 F.2d 1409, 1419 (9th Cir.1988) (explaining summary judgment may be appropriate where allegations of alleged discrimination are "purely conclusory."). Plaintiffs admit that Everard was condescending with other employees as well. In short, although Everard's comments regarding Berry's intelligence were condescending and offensive, the statements do not constitute direct evidence of racial animus creating a genuine issue of material fact as to whether Chevron's legitimate hiring practices were a mere pretext for discrimination.

Similarly, plaintiffs simply fail to provide specific and substantial indirect evidence indicating Chevron's hiring practice was pretextual. While Plaintiffs claim they were informed of a hiring freeze, no evidence suggests this occurred in 1999 when Chevron hired one Caucasian, one Hispanic and one Filipino. Thus, there is no issue of fact supporting the claim that Chevron provided inconsistent hiring justifications. As explained above, Everard's condescending comments indicated no racial animus and are not even circumstantial evidence of discrimination. Additionally, the record does not establish that Plaintiffs were superior candidates. Nixon testified she knew calls per hour were not determinative and Plaintiffs' own exhibit indicated that they fell behind in "talk percent." In order to demonstrate superior skills, Plaintiffs' "subjective personal judgments of [ ] competence alone do not raise a genuine issue of material fact." *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1288 (9th Cir.2000).

Finally, Plaintiffs' "other circumstantial evidence" consists of mere conjecture. The "drug dog" incident was stricken from the complaint as scandalous, irrelevant and immaterial, and there is no indication that other qualified candidates were consistently precluded from Chevron positions. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 661–63 (9th Cir.2002) (explaining that statistical evidence derived from a small universe must be disregarded). In sum, Plaintiffs fail to provide the specific and significant evidence we have found demonstrative of pretextual hiring practices.

## II

■ The district court did not abuse its discretion by admitting Chevron's affidavit and exhibit describing its legitimate hiring practices. Because contemporaneous objections were not made to all of the evidentiary issues raised on appeal, we review them for plain error. *Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1193 (9th Cir. 2002). Initially, although Plaintiffs generally objected to Deborah Seavey's declaration as hearsay, Seavey explicitly explained she had personal knowledge of Chevron's hiring practices and the testimony does not constitute hearsay.

Further, Seavey indicated she periodically evaluated contract workers, reviewed records such as calls per hour, talk time percentage, lost work time, and worked on refining and revising job performance metrics. As a result, she was a "qualified witness" to authenticate Chevron's statistical performance exhibit even if she was not the declarant. *See United States v. Childs,* 5 F.3d 1328, 1334 (9th Cir.1993). Moreover, it was not plain error to admit the exhibit because a business record may consist of a data compilation summarizing numerous documents so long as the underlying documents are available for inspection. *City of Phoenix v. Com/Sys., Inc.,*

706 F.2d 1033, 1038 (9th Cir.1983); Fed. R.Evid. 803(6), 1006. Here, the evidence indicates Plaintiffs received 14 boxes of underlying documents.

### III

The district court also properly granted summary judgment on the breach of oral promise claim. In order to bind Chevron, Everard had to have either direct or ostensible authority under California law. The uncontroverted record indicates that while Chevron supervisors, such as Everard, had hiring duties, they had no actual authority to make employment offers. No record evidence indicates Chevron ever made a declaration conceivably granting Everard ostensible authority, nor do Plaintiffs tender any evidence sufficient to create a triable issue of fact on the issue.

Alternatively, even assuming that Everard could be charged with having ostensible authority, plaintiffs have failed to raise a genuine issue of material fact that their reliance on her promise of employment was reasonable. Plaintiffs variously testified that they "were skeptical" about Everard's promise of employment; that "she was not trustworthy;" that Everard "lied all the time;" and that "I do not trust Jenny...." In these circumstances, it was unreasonable for plaintiffs to rely on Everard's oral promise of employment. *See Preis v. American Indem. Co.*, 220 Cal.App.3d 752, 269 Cal.Rptr. 617, 623–24 (1990) (noting that reliance on ostensible agent must be reasonable).

Therefore, summary judgment was properly entered on the claim. *See Lindsay–Field v. Friendly*, 36 Cal.App.4th 1728, 1735, 43 Cal.Rptr.2d 71 (1995).

**AFFIRMED**