NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RED REAPER, AKA Brett C. Huska, | No. 23-15178 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-05876-HSG |
| v. | |
| ACE AMERICAN INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| NATIONAL MARROW DONOR PROGRAM, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted February 13, 2024[**]
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Red Reaper appeals from the district court's order dismissing his second amended complaint without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the grant of a motion to dismiss. *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009). We first separate the conclusory allegations in the complaint from the well-pleaded factual allegations, and next determine whether those well-pleaded allegations, taken as true, state a plausible "entitlement to relief." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

1.      The district court properly disregarded most of the allegations made on information and belief because they were conclusory. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009). The second amended complaint contained no facts supporting the bare allegations that Defendant-Appellee ACE "authorized and instructed" the National Marrow Donor Program ("the Program") to act as its agent, to act as a claims administrator and make coverage representations on ACE's behalf, to tell Reaper he did not have a valid insurance claim, or that ACE knew the Program was "making representations about disability claims on its behalf." Absent further factual enhancement, these allegations were not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 680–81. We reject Reaper's apparent contention that this court's opinion in *Soo Park v. Thompson*,

851 F.3d 910 (9th Cir. 2017), created an exception to federal pleading standards for allegations made on information and belief.

2.     The district court properly dismissed Reaper's claims as time-barred because absent the conclusory allegations, Reaper failed to plausibly allege an actual or ostensible agency relationship between ACE and the Program.[1]  Reaper did not plead facts supporting his allegations that ACE consented to the Program acting on its behalf and subject to its control, or that the Program consented to so act.  *See Hoffmann v. Young*, 515 P.3d 635, 646 (Cal. 2022).  Absent those allegations, he did not plausibly allege an actual agency relationship.  *See id.*

Reaper also failed to plausibly allege ostensible agency because he did not plead facts supporting his allegation that ACE, by its own acts or negligence, caused him to believe that the Program had authority to act on its behalf.  *See Baxter v. State Tchrs.' Ret. Sys.*, 227 Cal. Rptr. 3d 37, 56 (Ct. App. 2017).  Reaper's allegations that ACE provided the Program with claim forms and that the Program told Reaper it "acted on behalf of" ACE are at best "consistent with" ostensible agency, but "stop[] short of the line between possibility and

---

[1] We decline to consider the declarations Reaper filed in the district court. "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  But even if we considered the declarations, they do not support the existence of an agency relationship between ACE and the Program.

3

plausibility." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 678).

That ACE gave claim forms to the Program is insufficient to establish an ostensible agency relationship. Unlike in *Preis v. American Indemnity Co.*, 269 Cal. Rptr. 617, 619, 623–24 (Ct. App. 1990), the forms in this case did not ostensibly bind ACE to provide coverage. Donors submitted claims through the forms, but ACE retained authority to reject or accept a claim once it received the forms. Thus, when ACE provided the Program with claim forms, it did not enable the Program to represent itself "as clothed with certain authority" to act on behalf of ACE. *Valentine v. Plum Healthcare Grp., LLC*, 249 Cal. Rptr. 3d 905, 914 (Ct. App. 2019) (quoting *Chi. Title Ins. Co. v. AMZ Ins. Servs., Inc.*, 115 Cal. Rptr. 3d 707, 728 (Ct. App. 2010)).

**AFFIRMED.**