[No. F007431. Fifth Dist. Jan. 29, 1987.]

CITY OF FRESNO et al., Petitioners, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
STEVEN R. SANTOS, Real Party in Interest.

**COUNSEL**

Dawson, Dawson, Smith & Dilling and Jeffrey H. Smith for Petitioners.

No appearance for Respondent.

Nicholas F. Reyes and John Patrick Moore for Real Party in Interest.

OPINION

HAMLIN, J.—Petitioners City of Fresno, Phillip Daher, Karen Tomlinson and Dave Herb (defendants) seek a writ of mandate requiring the Superior Court of Fresno County to grant their motion for summary judgment in Steven R. Santos's civil action for wrongful discharge, intentional interference with contractual relations, and intentional and negligent infliction of emotional distress.

Santos's civil action is based on defendants' alleged wrongful removal of Santos from his position as a neighborhood service supervisor with the Fresno City Department of Parks and Recreation (Parks & Recreation). The petition requires us to decide whether Santos should have been precluded from maintaining his tort action for damages because he had not exhausted all administrative remedies. We conclude he should have. We will grant the writ of mandate requiring the trial court to grant summary judgment in favor of defendants.

### PROCEDURAL AND FACTUAL BACKGROUND

On or about August 17, 1983, the City of Fresno (City) discharged Santos from his job with Parks & Recreation. Santos appealed his order of removal to the Fresno City Civil Service Board (board). The board, after 29 days of hearings, upheld the removal order. It found that Santos had violated several provisions of section 2-1666 of the Fresno City Municipal Code, which sets forth the conduct for which an employee may be subject to suspension or removal.

Following the board's decision on March 27, 1984, Santos filed a petition for writ of mandate challenging the board's decision on general grounds that the board had proceeded in excess of its jurisdiction, had failed to grant Santos a fair trial, and had committed a prejudicial abuse of discretion. Shortly thereafter, Santos filed his tort action mentioned above. Defendants demurred to Santos's complaint on the ground that Santos, in not completing his mandamus action, had failed to exhaust his administrative remedies before filing his tort action for damages. After the trial court overruled the demurrer, and apparently in reliance on that court's order, Santos dismissed the petition for writ of mandate, and judgment was entered in favor of the board. Santos appealed from that judgment; however, that appeal is not before this court in this proceeding, and nothing in this decision is intended to affect that appeal.

On May 30, 1986, the City moved for summary judgment in favor of all defendants in Santos's tort action on the ground that Santos had failed to

exhaust all administrative remedies prior to filing his complaint for damages. The trial court denied the motion for summary judgment, and the petition to this court for writ of mandate followed.

## Discussion

Defendants contend the trial court erred in denying the City's motion for summary judgment in favor of all defendants. To support their motion, defendants relied primarily on *Westlake Community Hosp.* v. *Superior Court* (1976) 17 Cal.3d 465 [131 Cal.Rptr. 90, 551 P.2d 410]. In that case, Westlake Community Hospital revoked the staff privileges of Dr. Sarah Kaiman. That revocation was upheld by both a judicial review committee and the board of directors of the hospital. Dr. Kaiman then filed a tort action for damages without first challenging the Westlake Community Hospital board's final decision to revoke her privileges through a writ of mandate proceeding under Code of Civil Procedure section 1094.5. **(2)** In holding that Dr. Kaiman's tort actions were barred by the exhaustion of administrative remedies doctrine, the Supreme Court stated: "We further conclude that whenever a hospital, pursuant to a quasi-judicial proceeding, reaches a decision to deny staff privileges, an aggrieved doctor must first succeed in setting aside the quasi-judicial decision in a mandamus action before he may institute a tort action for damages. As we point out, mandate has been the traditional means for reviewing analogous quasi-judicial determinations, and we believe that before hospital board or committee members are subjected to potential personal liability for actions taken in a quasi-judicial setting, an aggrieved doctor should be required to overturn the challenged quasi-judicial decision directly in a mandamus action. . . . [O]nce the hospital's quasi-judicial decision has been found improper in a mandate action, an excluded doctor may proceed in tort against the hospital, its board or committee members or any others legally responsible for the denial of staff privileges." (*Westlake Community Hosp.* v. *Superior Court, supra,* 17 Cal.3d at p. 469.)

The Supreme Court held Dr. Kaiman's complaint for damages was based on her contention that the defendants had intentionally and maliciously misused the hospital's internal administrative procedure in order to injure her; hence, the complaint was premised on the assertion that the hospital's decision was erroneous and unjustified. The hospital's decision was entitled to some measure of respect, and as long as its decision had not been set aside through appropriate review procedures, the decision effectively established the propriety of the hospital's action in denying the doctor's hospital privileges. Consequently, the *Westlake* court concluded Dr. Kaiman had to succeed first in overturning the quasi-judicial action before pursuing her tort claim. (*Westlake Community Hosp.* v. *Superior Court, supra,* 17 Cal.3d at pp. 483-484.)

The facts of the present case are similar to those in *Westlake.* Here, Santos was removed from his employment with Parks & Recreation. He appealed his removal to the board, and after an extensive hearing, the board upheld his removal based on findings that he had engaged in acts of misconduct in violation of the Fresno City Muncipal Code. Then, unlike the plaintiff in *Westlake,* Santos did file a petition for writ of mandate in the superior court challenging the board's decision; however, he voluntarily dismissed his petition before a final disposition. Santos thereafter sought to go forward with his complaint for damages based on four theories of tort liability without having challenged the board's quasi-judicial review procedure in a mandamus action. As in *Westlake,* the failure of Santos to challenge successfully the board's administrative decision renders his tort action premature.

Santos's first cause of action, stated against City only, alleges that the City wrongfully discharged Santos in bad faith and without just cause. The board, however, held Santos's removal by the City was proper as based upon several acts of misconduct in violation of the Fresno City Municipal Code. Santos's cause of action for wrongful discharge, therefore, is necessarily premised on an assertion that the board's decision to uphold the removal was erroneous or unjustified. Hence, Santos should be required to set aside the board's decision in a writ of mandate proceeding as a prerequisite to filing his first cause of action.

In his second cause of action, Santos alleges that individual defendants Daher, Tomlinson and Herb intentionally interfered with Santos's employment contractual rights with the City and that this conduct continued until his termination. Specifically, he alleges these defendants participated in false or fraudulent accusations concerning Santos's employment with the intent to deprive Santos of the benefits of his employment contract. In essence, Santos's action alleges that the false accusations by these defendants resulted in his discharge by the City. Yet, the board found he was properly discharged based on specific acts of misconduct, and any accusations relating to these acts were impliedly found to be true. Santos's second cause of action, like the first, is based on an underlying premise that the board's decision was erroneous. To maintain an action based on intentional interference with employment contractual relations due to false charges, Santos should be required to set aside the board's decision in a writ of mandate proceeding.

The *Westlake* analysis similarly applies to Santos's third and fourth causes of action. The third cause of action alleges individual defendants Daher, Tomlinson and Herb participated in the wrongful termination of Santos's employment by spreading lies concerning Santos's conduct until the time he was terminated. The complaint further alleges these individual defendants participated in the decision to terminate Santos by intentionally fabricating

information concerning Santos's employment and falsifying documents against Santos in order to support his termination. This cause of action is necessarily based on an assertion that the board's finding of a proper removal based on certain acts of misconduct is erroneous. The face of the complaint does not indicate what lies and false information were spread by these defendants; however, the gravamen of the complaint is that the lies caused Santos to lose his employment. Although the board's decision did not include an express finding that false information was not spread by these defendants, it did include a finding that the City's discharge of Santos was proper because he engaged in certain acts in violation of the Fresno City Municipal Code, which impliedly rejects the assertion that he was discharged because of lies told by the other defendants. Under these facts, the board's decision to uphold Santos's removal must be set aside before Santos may maintain a cause of action for intentional infliction of emotional distress by causing him to lose his employment.

The fourth cause of action alleges all defendants are liable for negligent infliction of emotional distress. The specific acts of defendants alleged to be the cause of the emotional distress are identical to the acts cited in the third cause of action and involve termination of his employment. For the reasons discussed as to the intentional infliction of emotional distress cause of action, the *Westlake* analysis also would be applicable to Santos's cause of action for negligent infliction of emotional distress.

■ Once it is established that *Westlake* applies to Santos's causes of action, we must conclude that Santos's complaint is premature. Under these circumstances, a trial court may not abate the action as having been commenced prematurely rather than grant the motion for summary judgment and dismiss the action. Santos's failure to exhaust his administrative remedy is a jurisdictional, not a procedural defect. (*Miller* v. *United Airlines, Inc.* (1985) 174 Cal.App.3d 878, 890 [220 Cal.Rptr. 684]; *Wilkinson* v. *Norcal Mutual Ins. Co.* (1979) 98 Cal.App.3d 307, 318 [159 Cal.Rptr. 416].) ■ Accordingly, the lower court's ruling denying summary judgment as to Santos's tort causes of action was erroneous.

■ The lower court's decision to distinguish *Westlake* because the defendant in that case was a private hospital rather than a public entity is faulty. The trial court gave no explanation and cited no case that would support a distinction between public and nonpublic defendants in this area of exhaustion of administrative remedies. We have found no case making such a distinction. Furthermore, the rationale behind the *Westlake* decision is that a party who brings a complaint for damages premised on the assertion that an administrative body's decision is erroneous should first be required to set aside the administrative decision. Until the body's decision is overturned,

it must be presumed to have resolved correctly the issues against the party bringing the complaint. If a private administrative body's decision is deserving of such respect and deference, then so must a public administrative body's decision. (See *Westlake Community Hosp.* v. *Superior Court, supra,* 17 Cal.3d at p. 484.) There is simply no logical reason to apply a different standard of deference and respect to a quasi-judicial proceeding that is conducted by a public entity rather than a private entity.

Furthermore, the *Westlake* analysis has been applied in another case to a state-funded agency. Logan, an employee of the Southern California Rapid Transit District, a state-funded agency, was fired. Logan later attempted to get his job back by following several procedures provided by his employer, but he was unsuccessful. He next filed a complaint against his employer charging the employer with a violation of his constitutional rights, intentional infliction of emotional distress, breach of collective bargaining agreement and breach of covenant of good faith and fair dealing. The employer demurred to the complaint on the ground that Logan's failure to seek administrative review precluded his suit for tort and contract damages. The Court of Appeal held the demurrer was sustained properly. It reasoned that the failure to apply for judicial review of the decisions and findings of the administrative agency pursuant to Code of Civil Procedure section 1094.5 precluded Logan's right to file his complaint for damages. (*Logan* v. *Southern Cal. Rapid Transit Dist.* (1982) 136 Cal.App.3d 116, 122-124 [185 Cal.Rptr. 878].) Although *Westlake* was not specifically cited in *Logan,* the requirement of mandamus review as a condition precedent to a tort claim is the same. Again, there is no reason to distinguish between a "state funded agency" and a local government entity, such as the City.

Santos argues the *Westlake* case is inapplicable to the present case, pointing to several other differences between *Westlake* and the case at bar. However, none of these differences is significant under the above discussion of the rationale of *Westlake,* and these arguments are rejected. Additionally, Santos argues *Logan* v. *Southern Cal. Rapid Transit Dist.* is inapplicable because, in that case, Logan completely failed to file a petition for writ of mandate; whereas, in the present case, Santos did file such a petition. This distinction, however, disappears because of the fact that Santos never completed his mandate proceeding, opting instead to dismiss his own petition.

Santos also argues the doctrine of exhaustion of administrative remedies is inapplicable where the administrative remedies would be inadequate. The inadequacy of administrative remedies is frequently cited as an exception to the exhaustion of remedies doctrine. (See, e.g., *Ogo Associates* v. *City of Torrance* (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761].) Santos

argues that because the administrative process in this case could not afford him damages as a remedy, he should be excused from exhausting his administrative remedies. This argument, however, was raised and rejected in *Westlake,* and is rejected for the same reason here. Under a *Westlake*-type fact pattern, that the administrative body may not be able to grant damages as a remedy does not make the administrative remedies inadequate.

Santos also maintains that his complaint is based upon public policy exceptions and constitutional issues, making resort to administrative remedies unnecessary. He cites to *Tameny* v. *Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330] for this proposition. The best that may be said for this argument is that it is puzzling. First, the *Tameny* case has nothing to do with the doctrine of exhaustion of administrative remedies. In that case, a plaintiff was fired allegedly for failing to participate in an illegal scheme to fix retail gas prices. Plaintiff alleged the employer's acts were tortious and sought compensatory and punitive damages. The employer demurred on the ground that the complaint did not state a cause of action in tort. However, the Supreme Court held where an employer discharges an employee for reasons that would violate public policies, the employee may sue for damages on a tort theory of recovery. (*Id.* at p. 170.) The *Tameny* court only validated the tort cause of action. It did not address the issue of whether an employee entitled to maintain a similar cause of action would have to exhaust any administrative remedies available to him before instituting the suit. Second, Santos's argument that the doctrine of exhaustion of remedies may not apply because his complaint is based on constitutional issues is similarly not persuasive. Santos's complaint does not raise any constitutional issues; it raises only four causes of action based on tort theories of liability.

Next, Santos argues that defendants have admitted in their answer to his petition for writ of mandate that he has exhausted his administrative remedies. He contends defendants should be bound by this admission. This contention is specious. At the time Santos filed his mandamus petition challenging his dismissal, he had gone through the appropriate steps before the board for challenging a removal order. This was never contested by the parties, and defendants were correct to admit such an exhaustion of remedies to that point. That allegation, however, is totally unrelated to the present proceedings in which Santos is alleged to have failed to exhaust administrative remedies by not completing a mandamus proceeding to set aside the board's decision upholding his removal. Defendants never admitted that Santos had exhausted his remedies in this manner.

■ Finally, Santos contends, "The independent causes of action ... survive regardless of the City's position regarding exhaustion, futility, or the

applicable exceptions." His contention is unsupported by case law or reasoned discussion. In *Westlake,* the complaint was brought against individual members of the boards and committees of Westlake Hospital in addition to the hospital itself. The Supreme Court held the aggrieved doctor's failure to petition for a writ of mandamus in that case barred her complaint against the Westlake Hospital defendants, making no distinction between the individuals and the hospital. Furthermore, the reasoning underlying the *Westlake* decision is that the doctor's causes of action were necessarily premised on an assertion that the hospital's decision to revoke privileges was erroneous, involving a need to strike the quasi-judicial tribunal's adverse decision before the causes of action against any defendant could be maintained.

■ Not every complaint against another employee for damages resulting from that other employee's false accusations or other improper conduct requires exhaustion of administrative remedies, including a successful challenge to an unfavorable administrative decision. It is only required when the false accusations or other improper conduct is alleged to have caused loss of employment or other privilege for which there is an available internal remedy. Pursuing the administrative remedy then results in an adjudication of the issue of whether the employment or privilege was wrongfully terminated. If that adjudication is unfavorable, it must be successfully challenged by the mandamus procedure before filing a tort action based on the same alleged wrong. Such a requirement is necessary to accord recognition to the "expertise" of the quasi-judicial tribunal and to promote judicial efficiency. (See *Westlake Community Hosp.* v. *Superior Court, supra,* 17 Cal.3d at p. 476.)

For the reasons stated, we conclude that those causes of action stated in Santos's complaint against the individual defendants would be premature because of Santos's failure to complete a successful challenge to the board's decision by the mandamus procedure.

In addition to his arguments on the merits, Santos requests that this court: (1) order the City to file a transcript and record of the hearings before the board; (2) augment the record with his points and authorities in opposition to the motion for summary judgment; and (3) take judicial notice of his petition for writ of mandate and related documents in the superior court file. We deny all these requests as not being of substantial consequence to the resolution of the issues we have considered and decided.

Defendants' petition for writ of mandate directing the trial court to enter summary judgment in favor of defendants in Santos's tort complaint is granted. We express no opinion on Santos's ability to seek a writ of mandate

challenging the board's decision upholding the removal of Santos from his job with Parks & Recreation. Not only is Santos's appeal from the voluntary dismissal of his original petition still pending, but Santos's right to equitable relief from statutory time limitations on such a challenge is a matter for the trial court's decision.

Defendants are awarded their costs in this proceeding.

Woolpert, Acting P. J., and Ballantyne, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied April 15, 1987.