**Douglas MILLER, Plaintiff,**

**v.**

**COUNTY OF SANTA CRUZ, Sheriff Al Noren, Officer Marilyn Weaver, Officer Terry Moore, and Does I Through XX, Inclusive, Defendants.**

**No. C 89–20131 EAI.**

United States District Court, N.D. California.

July 29, 1992.

Richard K. Abdalah, Jackson, MacAllister & Abdalah, Cupertino, Cal., for plaintiff.

John L. Slebir, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Redwood City, Cal., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON RES JUDICATA/COLLATERAL ESTOPPEL GROUNDS

INFANTE, United States Magistrate Judge.

### I. *Background*

Plaintiff Douglas Miller ("Miller") was employed as a detention officer by the Santa Cruz County Sheriff's Department from December 1980 until September 24, 1987. During the course of his employment, four disciplinary actions were taken against him. The last action involved Miller's alleged knowing failure to report a salary overpayment and resulted in his dismissal.

Under the Santa Cruz County Civil Service Ordinance Code a discharged employee has the right to appeal his termination to the County Civil Service Commission ("the Commission"). Miller exercised this right, and, after an evidentiary hearing on January 27, 1988, the Commission upheld the dismissal. Miller did not seek judicial review of the Commission's determination.

Miller filed this action in 1989, alleging violations of his civil rights pursuant to 42 U.S.C. Section 1983, and naming Santa Cruz County, Santa Cruz County Sheriff Al Noren, and Officer Terry Moore as defendants. Specifically, Miller alleges that defendants violated his rights to equal protection of the laws, substantive due process, and procedural due process.

### II. *Motion Before the Court*

All defendants seek summary judgment on the theory that this action is barred by the doctrines of *res judicata* /collateral estoppel. Alternatively, Sheriff Noren seeks summary judgment, in his favor alone, on the theory that the undisputed facts show that he is entitled to the defense of qualified immunity. For the reasons set forth below, defendants' Motion for Summary Judgment is hereby GRANTED.[1]

### III. *Summary Judgment Standard*

Rule 56(c), F.R.Civ.P., provides that upon motion, summary judgment shall be rendered:

> "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to material fact and that the moving party is entitled to a judgment as a matter of law."

Once a proper motion is made, entry of summary judgment is mandated where the responding party fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The test used to determine whether summary judgment should be granted "mirrors" that applied to a motion for a directed verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Where the record taken as whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Summary judgment is especially appropriate where there is no genuine issue of material fact and the only dispute is as to pure legal questions. *Smith v. Califano,*

---

1. The parties have consented that all proceedings, including trial, in the above entitled case may be heard and finally adjudicated by the assigned magistrate judge, pursuant to Rule 73, F.R.Civ.P. and 28 U.S.C. Section 636(c).

597 F.2d 152 (9th Cir.1979). In this instance, defendants move for summary judgment based on res judicata/collateral estoppel grounds which, if applicable, is a proper grounds for summary judgment. *Eilrich v. Remas*, 839 F.2d 630 (9th Cir. 1988). Alternatively, defendant Noren moves for summary judgment on the grounds that he is entitled to qualified immunity, which may also provide a proper basis for summary judgment. *Thorsted v. Kelly*, 858 F.2d 571, 575 (9th Cir.1988).

## IV. *Discussion*

■ "When a state agency 'acting in a judicial capacity … resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' [citation omitted] federal courts must give the agency's fact finding the same preclusive effect to which it would be entitled in the State's courts." *University of Tennessee v. Elliott*, 478 U.S. 788, 796–799, 106 S.Ct. 3220, 3224–3226, 92 L.Ed.2d 635 (1986). This is so, even though the proceedings resolved disputed issues of fact which are later pled to allege a civil rights violation. *Id.* Relying on *Swartzendruber v. City of San Diego*, 3 Cal.App. 4th 896, 908, 5 Cal.Rptr.2d 64 (Cal.App. 4 Dist.1992), defendants argue that since Miller failed to seek writ review of the Commission's determination in state court, pursuant to Cal.Civ.Pro.Code Section 1094.5 ("Section 1094.5"), that determination is binding on the parties. *Swartzendruber* follows a well established line of California Supreme Court cases and is fully applicable here.

In *Boren v. State Personnel Board*, 37 Cal.2d 634, 637, 234 P.2d 981 (1951), the California Supreme Court held that writ of mandamus pursuant to Section 1094.5 is the appropriate procedure for inquiring into the validity of any final administrative order regarding public employee discipline. Thereafter, the California Supreme Court

held, where a discharged public employee seeks to enforce the same right in a state court action that was litigated in an administrative forum, a mandamus proceeding is a prerequisite to a tort action. *Westlake Community Hospital v. Superior Court*, 17 Cal.3d 465, 131 Cal.Rptr. 90, 551 P.2d 410 (1976).[2]

Subsequently, in *Swartzendruber*, the California Court of Appeals for the 4th District applied this rule to actions alleging federal civil rights violations. The plaintiff in *Swartzendruber* was terminated from her position as a code compliance officer with the City of San Diego for insubordination. Swartzendruber appealed her termination to the City Civil Service Commission, which upheld the termination, but required she be put on eligibility lists for future positions for which she was qualified. She did not petition for a writ of mandamus pursuant to Section 1094.5. The court held that since plaintiff failed to seek judicial review of the Civil Service Commission determination, she could not pursue an action for damages, pursuant to federal civil rights statutes, arising out of the termination of her employment since it involved the same primary rights. *Swartzendruber, supra.*

■ The primary rights theory, which is used in California to determine the scope of causes of action, provides that "there is only a single cause of action for the invasion of one primary right." *Swartzendruber*, at 904, 5 Cal.Rptr.2d 64. To determine what the primary right is, the court must look at the harm suffered. *Id.* In *Swartzendruber*, the court held that the primary right at stake was the plaintiff's right to continued employment. The court further held that plaintiff's cause of action alleging a violation of her civil rights did not present a separate injury from that which was litigated before the Commission. Quoting *Slater v. Blackwood*, 15 Cal.3d

---

2. California Courts of Appeal have rendered decisions following that line of cases. *See, e.g., Logan v. Southern California Rapid Transit District*, 136 Cal.App.3d 116, 185 Cal.Rptr. 878 (Cal. App. 2 Dist.1982), (discharged governmental employee's claims for breach of contract and intentional infliction of emotional distress barred for

failure to seek writ review); *City of Fresno v. Superior Court*, 188 Cal.App.3d 1484, 234 Cal. Rptr. 136 (Cal.App. 5 Dist.1987), (discharged city employees's action for damages held premature until personnel board's decision overturned through mandamus procedure).

791, 795, 126 Cal.Rptr. 225, 543 P.2d 593 (1975), the court stated "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Swartzendruber,* at 908, 5 Cal.Rptr.2d 64. In the instant case, as in *Swartzendruber,* Miller has "merely restated [his] cause of action for wrongful termination in constitutional terms." *Id.*

■ Plaintiff here contends, as did Swartzendruber, that neither *res judicata* nor collateral estoppel should be applied to his Section 1983 claim because it was not litigated before the Civil Service Commission. However, in *Swartzendruber,* the court applied *res judicata* to plaintiff's Section 1983 claim since she could have interposed her federal civil rights claim as a defense in the proceeding before the Commission. The Santa Cruz County Civil Service Commission's procedural rules permit a petitioner to frame the issues for hearing and do not place any limits on the defenses or contentions which a petitioner may raise. Moreover, plaintiff has not presented any evidence to the court in support of his contention that he could not have raised his civil rights claims before the Commission.[3]

Miller also contends that because neither the Santa Cruz County Ordinance Code nor the procedural rules of the commission expressly provide for pre-hearing discovery, he was denied the opportunity to adequately litigate his claims.[4] However, Miller cites no authority for the proposition that the absence of pretrial discovery procedures constitutes a *per se* denial of the required opportunity to adequately litigate his claims. Moreover, constitutional due process does not require an agency to afford a petitioner all elements of a traditional judicial proceeding. *See, Lew v. Kona Hospital,* 754 F.2d 1420, 1424 (9th Cir.1985)

(due process requirements met in administrative proceeding even though no provision for 1) pretrial discovery or 2) strict adherence to the rules of evidence).

Pursuant to the Santa Cruz County Ordinance Code Section 3.24.030 and the procedural rules of the Commission, plaintiff had the right to: (1) frame the issues for hearing, (2) a public hearing, and (3) obtain a continuance upon a showing of good cause. At the hearing before the Commission, Miller was represented by counsel, was permitted to present oral and documentary evidence, and was permitted to call witnesses. Subsequent to the hearing, the Commission issued a written decision which included the Commission's specific factual findings, its determination, and a notice that Miller had the right to seek a writ of mandamus pursuant to Section 1094.5. As such, Miller had an adequate opportunity to litigate his claim as required by *University of Tennessee v. Elliott, supra,* 478 U.S. 788, 796–799, 106 S.Ct. 3220, 3224–3226, 92 L.Ed.2d 635 (1986), and *United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). *See also, Plaine v. McCabe,* 797 F.2d 713 (9th Cir.1986).

■ Plaintiff further argues that *Swartzendruber* should not be given retroactive application. In considering whether to apply a judicial decision retroactively, the court must consider: (1) whether the new decision overruled clear past precedent on which litigants may have relied or decided an issue of first impression, the resolution of which was not clearly foreshadowed, (2) the prior history of the rule and whether retrospective operation will further retard its operation, and (3) whether retroactive application would produce substantially inequitable results. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d

---

**3.** Miller argues that because the Administrative Procedure Act ("the APA"), California Government Code Section 11500 *et seq.,* does not apply to the Santa Cruz County Civil Service Commission *Swartzendruber* is distinguishable. However, it is unimportant whether or not the APA applied to the proceeding before the Commission. The issue is whether or not Miller had an adequate opportunity to litigate his claim before

the Commission, as required by *University of Tennessee v. Elliott, supra.*

**4.** Specifically, Miller complains that he did not receive a copy of a memorandum written by one of his supervisors and addressed to Sheriff Noren. He also complains that he could not gain access to the personnel files of other officers.

296, 306 (1971). Miller's contention that his action should not be barred because *Swartzendruber* should not be given retroactive application is without merit.

■ First, the result in *Swartzendruber* was clearly foreshadowed by a line of California Supreme Court cases as well as United States Supreme Court law. *See, supra, Boren,* 37 Cal.2d 634, 637, 234 P.2d 981; *Westlake,* 17 Cal.3d 465, 551 P.2d 410; and *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220. In addition, *Swartzendruber* does not overrule past precedent. Rather, it is a predictable application of the holdings in *Boren* and *Westlake.*

Second, to withhold retroactive application of *Swartzendruber* would be to permit plaintiff to avoid the procedural requirements of Section 1094.5, a result which *Swartzendruber* and the prior California Supreme Court cases clearly meant to avoid. Finally, in view of the precedent proceeding *Swartzendruber* and the notice for judicial review attached to the Commission's determination, Miller should have been aware that his proper recourse was to seek a writ of mandamus in the California Superior Court. Therefore, retroactive application of *Swartzendruber* barring plaintiff from pursing his Section 1983 claim in this court is not substantially inequitable. Furthermore, given prior precedent, retroactive application of *Swartzendruber* is not necessary because prior California Supreme Court law provides ample authority for the result reached here. *See, Boren, supra,* and *Westlake, supra.*

### V. *Conclusion*

Plaintiff's claims are barred by the doctrines of *res judicata*/collateral estoppel since he had an adequate opportunity to litigate his claim before the Civil Service Commission and he failed to seek mandamus review of the Commission's decision upholding his dismissal. Accordingly, de-

fendants' motion for summary judgment is GRANTED.[5]

IT IS SO ORDERED.

---

**5.** Because defendants' motion is granted on *res judicata*/collateral estoppel grounds, the court does not reach the qualified immunity issue.