COOPER–HARRIS, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

Case No. 2:12–00887–CBM (AJWx).

United States District Court, C.D. California.

Aug. 29, 2013.

Adam P. Romero, Rubina Ali, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, Caren E. Short, Joseph J. Levin, Jr., Montgomery, AL, Eugene Marder, Wilmer Cutler Pickering Hale and Dorr LLP, Palo Alto, CA, Matthew D. Benedetto, Randall R. Lee, Wilmer Cutler Pickering Hale and Dorr LLP, Los Angeles, CA, for Plaintiffs.

Jean Lin, U.S. Department of Justice, Washington, DC, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

CONSUELO B. MARSHALL, District Judge.

The matter before the Court is Plaintiffs' Motion for Summary Judgment ("Motion"). [Dockets No. 96, 97.] Plaintiffs challenge the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA") and Sections 101(3) and 101(31) of Title 38 ("Title 38") on the basis that these provisions violate the equal protection of the laws guaranteed by the Fifth Amendment of the U.S. Constitution by discriminating on the basis of sexual orientation. (Motion at 1–2.)

### I. PROCEDURAL HISTORY

Plaintiffs and Intervenor–Defendant Bipartisan Legal Advisory Group of the United States House of Representatives

("BLAG") filed cross-motions for summary judgment. [Doc. No. 105.] The Federal Government filed a Response in support of Plaintiffs' Motion. [Doc. No. 113.] Subsequent to the Supreme Court's decision in *United States v. Windsor,* — U.S. ——, 133 S.Ct. 2675, 186 L.Ed.2d 808 (2013), BLAG withdrew as Intervenor–Defendant, its Cross–Motion for Summary Judgment, and its Opposition to Plaintiffs' Motion, on July 23, 2013. [*See* Doc. No. 137.] What remains before the Court is Plaintiffs' Motion as to DOMA and Title 38. The Supreme Court held that DOMA is unconstitutional, and therefore the Court GRANTS Plaintiffs' Motion as to DOMA. *Windsor,* 133 S.Ct. at 2696.

## II. STANDARD OF LAW

Summary judgment against a party is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party must support its assertion that there is no genuine dispute by citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" in the record. Fed.R.Civ.P. 56(c)(1)(A). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence and draws all inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630–31 (9th Cir.1987). This includes factual disputes. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The evidence presented by the parties must be admissible. Fed.R.Civ.P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Pub. Co. v. GTE Corp.,* 594 F.2d 730, 738 (9th Cir.1979).

"Summary judgment is especially appropriate where there is no genuine issue of material fact and the only dispute is as to pure legal questions." *Miller v. Cnty. of Santa Cruz,* 796 F.Supp. 1316, 1317–18 (N.D.Cal.1992) *aff'd,* 39 F.3d 1030 (9th Cir. 1994).

## III. DISCUSSION

Plaintiffs argue that (1) heightened scrutiny is the appropriate standard of review for sexual orientation discrimination, (2) heightened scrutiny also applies because DOMA and Title 38 discriminate on the basis of sex, (3) if the Court finds that heightened scrutiny is not the appropriate standard of review, DOMA and Title 38 do not survive rational basis scrutiny. (*See* Motion at 7.)

### A. Title 38

Plaintiffs challenge Title 38. (Motion at 24–25.) BLAG's withdrawal states that "in light of the Supreme Court's opinion in *Windsor,* that it no longer will defend [Title 38]." [Doc. No. 136, at 2:7–10.] How-

ever, the Supreme Court does not address Title 38's constitutionality. *See, e.g., Windsor*, 133 S.Ct. at 2694.

Plaintiff argues that the appropriate standard of review is heightened scrutiny. The current standard of review for sexual orientation classifications in the Ninth Circuit remains unsettled. *See In re Levenson*, 587 F.3d 925, 931 (9th Cir.2009). Like the *Diaz* Court, "[w]e do not need to decide whether heightened scrutiny might be required" because as discussed below Title 38 is unconstitutional under rational basis scrutiny. *See Diaz v. Brewer*, 656 F.3d 1008, 1012, 1015 (9th Cir.2011).

### 1. Rational Basis

 Under rational basis review, a statute will be upheld as constitutional "if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985).

Plaintiffs state that Congress enacted Title 38 to remove "unnecessary gender references," and promote gender equality and expand the availability of veterans' benefits. (Motion at 24:7–13.) The Court finds that the exclusion of spouses in same-sex marriages from veterans' benefits is not rationally related to the goal of gender equality.

Plaintiffs also argue that Title 38 is not rationally related to any military purpose, and cite Expert Declarations. [Doc. No. 99, Exhibits A–I.] Plaintiffs' experts state that veterans' benefits are essential to ensuring that servicemembers perform to their "maximum potential," and other purposes justifying veterans benefits including readiness, recruiting, cohesion, and retention. [Doc. No. 99, Exh. E ¶¶ 2, 4, 27, 28.] The denial of benefits to spouses in same-sex marriages is not rationally related to any of these military purposes.

Additionally, Title 38 is not rationally related to the military's commitment to caring for and providing for veteran families.

### IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment. The Court permanently enjoins Defendants from relying on 38 U.S.C. §§ 101(3), (31) or Section 3 of 1 U.S.C. § 7 to deny recognition of Plaintiffs' marriage recognized by the state of California.

**IT IS SO ORDERED.**